In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-040 CR


____________________



ROOSEVELT BARNES, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 17,789






MEMORANDUM OPINION


 A jury convicted Roosevelt Barnes, Jr., of Possession of Controlled Substance with
Intent to Deliver cocaine in an amount of at least one gram but less than four grams. See
Tex. Health & Safety Code Ann. § 481.112(a), (c) (Vernon 2003). Two previous felony
convictions in proper sequential order were included as allegations in the indictment, thus
raising appellant's punishment status to that of an habitual offender. See Tex. Pen. Code
Ann. § 12.42(d) (Vernon Supp. 2005). Appellant pleaded true to the enhancement
allegations and the jury assessed appellant's punishment at confinement in the Texas
Department of Criminal Justice - Correctional Institutions Division for a term of ninety-nine
years. Appellate counsel filed a brief that concluded the appeal was wholly without merit
as a diligent review of the record revealed no reversible error. Subsequently, appellant filed
a pro se appellate brief raising a number of issues including ineffective assistance of trial
counsel, the lack of legally and factually sufficient evidence to sustain the verdict, legal
insufficiency of one of the enhancement allegations, and error by the trial court in finding the
enhancement true. 

 In Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (footnote
omitted), the Court provided reviewing courts further direction in addressing so-called
"frivolous" appeals, viz:

 When faced with an Anders brief and if a later pro se brief is filed, the
court of appeals has two choices. It may determine that the appeal is wholly
frivolous and issue an opinion explaining that is has reviewed the record and
finds no reversible error. Anders, 386 U.S. at 744, 87 S.Ct. 1396. Or, it may
determine that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues. Stafford,
813 S.W.2d at 511. Only after the issues have been briefed by new counsel
may the court of appeals address the merits of the issues raised. Id. at 509-10
(quoting Anders, 386 U.S. at 744, 87 S.Ct. 1396). If the court of appeals were
to review the case and issue an opinion which addressed and rejected the
merits raised in a pro se response to an Anders brief, then Appellant would be
deprived of the meaningful assistance of counsel. Furthermore, this does not
deprive Appellant of his right to file a petition for discretionary review. 
Appellant is free to file a petition for discretionary review with this Court
claiming that the court of appeals erred in holding that there were no arguable
grounds for review. (1) 


 An accused has the right to reasonably effective assistance of counsel. Strickland v.
Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001). To prove ineffective assistance of counsel, an
appellant must show that (1) trial counsel's representation fell below an objective standard
of reasonableness, based on prevailing professional norms; and (2) there is a reasonable
probability that the result of the proceeding would have been different but for trial counsel's
deficient performance. Strickland, 466 U.S. at 688, 694. Moreover, the appellant bears the
burden of proving his claim by a preponderance of the evidence. Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998). 

 In assessing ineffective assistance claims, we apply a strong presumption that trial
counsel was competent. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We
presume counsel's actions and decisions were reasonably professional and were motivated
by sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
When, as in the instant case, no motion for new trial was filed, it is extremely difficult to
show that trial counsel's performance was deficient. See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002). If there is no motion for new trial hearing, or if counsel does not
appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of
an ineffective assistance claim. Stults v. State, 23 S.W.3d 198, 208-09 (Tex. App.--Houston
[14th Dist.] 2000, pet. ref'd). In the instant case, we have no affidavit from trial counsel
explaining his trial strategy. 

 The Court of Criminal Appeals has reaffirmed its holding that, absent an opportunity
for trial counsel to explain his/her actions, appellate courts should not find ineffective
assistance unless the challenged conduct was "'so outrageous that no competent attorney
would have engaged in it.'" Goodspeed v. State, No. PD-1882-03, 2005 WL 766996, at *2
(Tex. Crim. App. Apr. 6, 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001)). The Court also reiterated the standard that "[a] Strickland claim must be
'firmly founded in the record' and 'the record must affirmatively demonstrate' the
meritorious nature of the claim." Id. (quoting Thompson, 9 S.W.3d at 813) (declining to
speculate on counsel's failure to object to hearsay in light of silent record). "Direct appeal
is usually an inadequate vehicle for raising such a claim because the record is generally
undeveloped." Id. (citing Thompson, 9 S.W.3d at 813-14). "[T]rial counsel should ordinarily
be afforded an opportunity to explain his actions before being denounced as ineffective." Id. 
(quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). Finally, as has
been often noted, no Texas court defines the right to effective assistance of counsel as the
right to error-free counsel. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990);
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); Ex parte Burns, 601 S.W.2d
370, 372 (Tex. Crim. App. 1980). 

 In the instant case, we have carefully reviewed the entire record, along with the briefs
of appellate counsel and the State. On the record that has been presented to us, we find no
arguable grounds for appeal. Trial counsel presented the most viable defense available in
attempting to have the jury believe that the various law enforcement personnel misidentified
the voice on the audiotape during the drug transaction as that of appellant, and by heavily
impeaching the cooperating individual's credibility so as to raise reasonable doubt that her
identification of appellant as the person selling cocaine to her was truthful. The jury was free
to believe the State's witnesses' identification of appellant as the seller of the drugs in
question. See Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981), art. 38.04 (Vernon
1979). Additionally, it appears to have been reasonable trial strategy for appellant to have
refrained from testifying in his defense as at least one of his numerous prior felony
convictions, a delivery of controlled substance conviction, would undoubtedly have been
used by the State to impeach his testimony. See Tex. R. Evid. 609(a), (b). At any rate,
appellant's ineffectiveness claims would have us speculate as to any reasons for, and possible
harm from, the various acts and omissions alleged. In applying the Strickland standards, we
do not second-guess trial counsel's tactical decisions that do not fall below the objective
standard of reasonableness, and this is especially true when the decisions in question concern
presentation of a defense. Young v. State, 991 S.W.2d 835, 837-38 (Tex. Crim. App. 1999). 
 After a careful review of the entire record, we find no arguable ground for appeal. See
Bledsoe, 178 S.W.3d at 826-27. Trial counsel did not engage in any conduct that could even
remotely be considered "outrageous." He conducted vigorous and effective cross-examinations of the State's witnesses and provided a reasonable defense to the jury for its
consideration. As noted by the Court of Criminal Appeals, Barnes is free to file a petition
for discretionary review raising error by this Court in his direct appeal. Id. at 827. (2) We
affirm the judgment of the trial court. 

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted March 22, 2006

Opinion Delivered April 26, 2006

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. "Anders" refers to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967), and "Stafford" refers to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991).
2. However, as the Court of Criminal Appeals additionally noted: "While an appellant has
the right to file a petition for discretionary review with this Court, review is not a matter of
right." Bledsoe, 178 S.W.3d at 827 n.6 (citing Tex. R. App. P. 66.2).