In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-276 CR


____________________



JOSE SHOFA MONREAL,JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CR25350






MEMORANDUM OPINION


 Jose Shofa Monreal, Jr. was convicted by a jury for the offense of Murder. The trial
court assessed punishment at confinement in the Texas Department of Criminal Justice -
Correctional Institutions Division for a term of fifty-five years. Monreal prosecutes this
appeal on the lone assertion that his trial counsel provided ineffective assistance. Because
Monreal has failed to carry this difficult burden on direct appeal, we affirm the judgment of
conviction. A defendant facing criminal prosecution has the right to reasonably effective
assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984); Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). To obtain
appellate relief under this theory, a defendant must show that trial counsel's performance was
deficient, and that, because of this deficient performance, a reasonable probability exists that
the result of the proceeding would have been different. Strickland, 466 U.S. at 687, 694. It
is the defendant who bears the burden of proving his ineffective assistance claim by a
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App.
1998).

 In assessing an ineffective assistance claim, we apply a strong presumption that trial
counsel was competent. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We
also presume that trial counsel's actions and decisions were reasonably professional and were
motivated by sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). When, as in the instant case, there has been no post-trial evidentiary proceeding
during which trial counsel is afforded the opportunity to present evidence of the strategic
bases, if any, for his trial decisions, it is extremely difficult for a defendant to shoulder his
burden of showing counsel performed deficiently. See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002); Stults v. State, 23 S.W.3d 198, 208-09 (Tex. App.--Houston [14th
Dist.] 2000, pet. ref'd). Although appellate counsel filed a motion for new trial, no hearing
on the motion appears in the record, nor does the record contain an affidavit from trial
counsel setting out the defensive strategy pursued at trial. Absent such evidence, appellate
courts are not at liberty to find trial counsel's conduct ineffective unless the challenged
conduct was "'so outrageous that no competent attorney would have engaged in it.'" 
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia, 57
S.W.3d at 440). Additionally, any Strickland claim must be "'firmly founded in the record'
and 'the record must affirmatively demonstrate' the meritorious nature of the claim." Id.
(quoting Thompson, 9 S.W.3d at 813, 814) (declining to speculate on counsel's failure to
object to hearsay in light of a silent record). 

 Rarely is direct appeal an adequate vehicle for raising Strickland claims because the
record is generally undeveloped. Id. "'[T]rial counsel should ordinarily be afforded an
opportunity to explain his actions before being denounced as ineffective.'" Id. (quoting
Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). Moreover, as has so often
been noted, no Texas court defines the right to effective assistance of counsel as the right to
error-free counsel. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990);
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); Ex parte Burns, 601 S.W.2d
370, 372 (Tex. Crim. App. 1980). 

 Monreal's trial counsel has not been provided an opportunity to respond to the
allegation that his performance was deficient in several areas. Therefore, Monreal has failed
to overcome the strong presumption that trial counsel's actions during trial were reasonable. 
See Mallett v. State, 65 S.W.3d 59, 67 (Tex. Crim. App. 2001). After examining the record,
we also fail to find any outrageous conduct on the part of Monreal's trial counsel during the
course of the trial. See Goodspeed, 187 S.W.3d at 392. We set out the following discussion
in support of this conclusion.

"Mitigating Effects" of Monreal's Mental Illness


 Monreal initially complains that instead of the self-defense strategy pursued by trial
counsel, trial counsel should have exploited the "mitigating effect" of Monreal's pre-existing
mental condition of paranoid schizophrenia by offering supporting expert medical testimony,
along with appropriate argument. Other than providing an opportunity for arguing its
"mitigating effect," Monreal does not discuss any further defensive purpose for such expert
medical testimony. The record indicates that trial counsel filed pretrial motions to have
Monreal evaluated by a psychiatrist for both sanity and competence, with the trial court
granting said motions. However, the record does not indicate whether Monreal ever
submitted to the evaluations or what conclusions were drawn, if any, as the result of any such
evaluations. It does not appear that Monreal's trial counsel formally raised insanity as a
defense, (1) nor does Monreal's competence to stand trial appear to have been placed at issue. (2) 
Appellate counsel for Monreal does not appear to allege trial counsel performed deficiently
by neither raising insanity nor lack of mental competence, but, instead, raises incompetence
for failing to present the "mitigating effect" of Monreal's mental condition via expert
medical testimony and jury argument. Yet, appellate counsel does not provide authority for
the propriety of such a defense strategy as opposed to presenting, as did trial counsel, a
recognized legal justification (self-defense) for commission of the alleged criminal conduct,
thereby giving the factfinder a statutory alternative to a guilty-verdict -- acquittal. See
generally Tex. Pen. Code Ann. §§ 9.02, 9.31 - 9.32 (Vernon 2003); Zuliani v. State, 97
S.W.3d 589, 594 (Tex. Crim. App. 2003); Jaynes v. State, 216 S.W.3d 839, 852 (Tex. App.--Corpus Christi 2006, no pet.). Under this portion of Monreal's ineffectiveness issue, no
deficient performance is apparent from the record presented. (3)

Lesser Included Instructions to Murder


 Monreal's brief repeats the conclusory argument that trial counsel performed
deficiently by failing to request "jury instructions on the mitigating effects of Appellant's
mental illness, specifically lesser-included offenses[.]" Appellate counsel does not indicate
which particular "lesser-included offenses" were germane to the particular facts and
circumstances presented to the jury. An appellant's brief must contain, inter alia, a clear and
concise argument for the contentions made, with appropriate citations to authorities and to
the record. Tex. R. App. P. 38.1(h). On this portion of his ineffective assistance issue,
Monreal's brief fails in all respects. "As an appellate court, it is not our task to pore through
hundreds of pages of record in an attempt to verify an appellant's claims." Alvarado v. State,
912 S.W.2d 199, 210 (Tex. Crim. App. 1995). Nor is it our task to speculate as to the nature
of an appellant's legal theory. Id. We do not address this part of Monreal's issue as it is
inadequately briefed.

Failure to Raise "Sudden Passion" per Section 19.02(d)


 Monreal's final sub-issue argues his trial counsel's performance was deficient for
failing to raise the issue of "sudden passion" at the punishment phase of the trial so as to
permit the trial judge to consider punishment for a second degree felony under Tex. Pen.
Code Ann. § 19.02(a)(2), (d) (Vernon 2003). Again, the record before us is not sufficiently
developed to overcome the strong presumption of reasonable assistance of trial counsel. See
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d at 813-14.

 For "sudden passion" to apply in a murder prosecution, a defendant at the punishment
phase of his trial must 1) raise the issue as to whether he caused the death under the
immediate influence of sudden passion arising from adequate cause, and 2) prove the issue
in the affirmative by a preponderance of the evidence. See Tex. Pen. Code Ann. § 19.02(d);
Trevino v. State, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003) (assuming defendant requests
instruction, jury must be so instructed if evidence raises the issue). In the instant case, rather
than raise and present evidence in support of sudden passion, Monreal chose to have his
mother testify as his only punishment-phase witness. Monreal also elected to have the trial
court assess his punishment, rather than the jury. These are strategic decisions the reasons
for which are not apparent from the record. Upon this record, however, the decisions cannot
be said to be outrageous. See Goodspeed, 187 S.W.3d at 392. A reviewing court is not
required to speculate on the reasons for choices made by trial counsel in the face of a silent
record. See Jackson, 877 S.W.2d at 771. Monreal points us to no authority to the contrary. 
Because trial counsel has not been provided the opportunity to explain his actions at trial, we
overrule Monreal's lone appellate issue, and affirm the trial court's judgment. (4) 

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on February 8, 2007

Opinion Delivered June 6, 2007

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. See Tex. Code Crim. Proc. Ann. art. 46C.051 (Vernon 2006). 
2. See Tex. Code Crim. Proc. Ann. art. 46B.004 (Vernon 2006).
3. As Monreal points out in his brief, through his own testimony the jury was made
fully aware of the history and severity of his mental illness. 
4. A compelling example of the need to provide an evidentiary basis for an
ineffective assistance claim was demonstrated in Ex parte Varelas, 45 S.W.3d 627 (Tex.
Crim. App. 2001). Varelas's death sentence was affirmed on direct appeal in the face of,
inter alia, an ineffectiveness challenge because of "an otherwise silent record." Id. at
629, 632. Varelas's post-conviction habeas corpus application, however, was
accompanied by an affidavit from his trial counsel admitting the omissions at trial were
not the result of trial strategy. Id. at 632. The Court found trial counsel's affidavit
admitted to deficient performance and found this deficient performance to be prejudicial
to Varelas's defense. Id. at 632, 636. As such, the Court granted relief and ordered
Varelas a new trial. Id. at 636.