**Ex parte Martin Lee BURNS.**

**No. 64115.**

Court of Criminal Appeals of Texas, En Banc.

July 16, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P. Petitioner was convicted in Cause Nos. C72–11120–HJ and C73–930–NJ of assault with intent to murder a police officer and murder with malice in Criminal District Court No. 3 of Dallas County. Petitioner pled guilty to each offense on February 16, 1973, and received a life sentence in each cause. No appeals were taken from these convictions.[1]

Petitioner contends that his pleas of guilty were not knowingly and voluntarily entered due to ineffective assistance of counsel. Specifically, petitioner maintains that counsel erroneously advised him as to the range of punishment which could be imposed upon a conviction for murder with malice. He contends that on the basis of

---

1. Petitioner also pled guilty to two burglary offenses on February 16, 1973. Those convic-tions are not challenged in this application.

this advice, he pled guilty to both the assault and murder charges.

The trial court held an evidentiary hearing on petitioner's application. At the conclusion of that hearing, the court entered findings of fact and conclusions of law and recommended that the relief sought be granted.

Petitioner testified that the court appointed an attorney to represent him with regard to the assault and murder charges. The attorney spoke with petitioner on four different occasions. At one of these meetings, counsel advised petitioner that if he pled not guilty and went to trial, there was a "real good chance" that he would receive the death penalty on the murder charge. Petitioner stated that counsel assured him that he would try to arrange a deal whereby in exchange for a plea of guilty, he would only receive a life sentence. Following counsel's advice, in December of 1972, petitioner agreed to plead guilty in order to avoid the death penalty.

Petitioner's appointed counsel from 1973 testified that he was unable to recall any specific conversations he had with petitioner. He testified that if the death penalty was not a possible punishment on the murder charge, he didn't think he would have advised petitioner to plead guilty for a life sentence. A letter dated March 12, 1979, from petitioner's former counsel to the attorney who represented petitioner at the evidentiary hearing, states in part:

> "The reason that he pled guilty to the long sentences was that the State had indicated that it might seek the death penalty. In my judgment there was a good chance that they might be successful. As there was little or no chance that he would get less than a life sentence from a jury, I (and he) thought it advisable to plead for the life sentence. I still think that it was good advice, under the circumstances.

> "I fully explained Mr. Burns' options to him and gave him my opinion, but I did not exert any pressure on him, either directly or indirectly, to decide one way or the other. He chose to play it safe. I can't say that I blame him."

On June 29, 1972, the Supreme Court of the United States handed down its opinion in *Furman v. Georgia* and *Branch v. Texas,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The Court held that the imposition and carrying out of the death penalty under the then existent Texas statute constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The following year, the Texas Legislature amended former Art. 1257, Penal Code (1925) in an effort to bring the death penalty statute within the mandate of *Furman.* See, Tex. Laws 1973, Ch. 426, Art. 1, Sec. 1, at 1122. These amendments became effective on June 14, 1973.

As noted above, counsel advised petitioner some six months after *Furman* was delivered that there was "a real good chance" that he could receive the death penalty on the murder charge. Following this advice, petitioner entered pleas of guilty four months prior to the effective date of the amendments to the death penalty statute. In return for these pleas, petitioner received the maximum possible punishment of life on both the assault and murder charges.[2] The record indicates that these pleas were entered in an effort to avoid what was a nonexistent penalty due to the decision in *Furman.*[3] During the evidentiary hearing, petitioner testified as follows:

"Q. So what did you do?

"A. I agreed to plead guilty to avoid the death penalty.

"Q. In the event that you had known that the worst that could have happened to you on those two cases was

---

2. Petitioner also received the maximum punishment of twelve years on his two burglary convictions. See, former Art. 1397, Penal Code (1925).

3. There is no indication that a trial on the murder charge following a plea of not guilty would have been delayed until the amendments to Art. 1257 became effective on June 14, 1973. See, *Dobbert v. Florida,* 432 U.S. 2, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

life imprisonment, would you have pled guilty to the two offenses of assault with intent to commit murder with malice on a police officer and murder if you knew the worst that could happen to you was life?

"A. No, sir."

 A defendant's constitutional right to counsel, whether appointed or retained, does not mean errorless counsel. *Howell v. State*, 563 S.W.2d 933 (Tex.Cr.App.). In order to render reasonably effective assistance of counsel, an attorney must acquaint himself not only with the law but also the facts of the case. *Flores v. State*, 576 S.W.2d 632 (Tex.Cr.App.). A full inquiry into the strategy or tactics of counsel should be made only if from all appearances after trial, there is no plausible basis in strategy or tactics for his actions. *Ex Parte Ewing*, 570 S.W.2d 941 (Tex.Cr.App.).

A plea of guilty is not knowingly and voluntarily entered if it is made as a result of ineffective assistance of counsel. *Ex Parte Bratchett*, 513 S.W.2d 851 (Tex. Cr.App.). In *Bratchett*, the attorney did not ask the defendant if he had any witnesses, made no investigation, and did not research the law governing the case. The attorney advised the defendant to plead guilty to the maximum sentence upon the assurance that a pending Dallas County charge would be dismissed. It was later established that counsel had never verified the assurance of dismissal on the outstanding charge with the appropriate officials in Dallas, and that the defendant was subsequently tried and convicted on the outstanding Dallas charge. This Court found that the defendant had been deprived of the effective assistance of counsel and that his plea of guilty was not a voluntary or knowledgeable act. *Ex Parte Bratchett*, supra at 854. Likewise, in *Ex Parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App.), we found that a plea of guilty had not been knowingly and voluntarily entered when the defendant's attorney failed to advise him how the facts of his case related to the Texas law of robbery.

In the instant case, the record reflects that counsel advised petitioner to enter pleas of guilty in order to avoid what was at that time a nonexistent penalty. Pursuant to that advice, petitioner pled guilty and received the maximum possible sentences on the assault and murder charges. We find that the evidence supports the trial court's conclusion that petitioner's pleas were not knowingly and voluntarily entered due to ineffective assistance of counsel.

The relief sought is granted. Petitioner is ordered remanded to the Sheriff of Dallas County to answer the indictments in Cause Nos. C72–11120–HJ and C73–930–NJ in the Criminal District Court No. 3 of Dallas County. It is so ordered.