IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-026-CR




MICHAEL SHANE WILSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT



NO. 5644, HONORABLE JOE CARROLL, JUDGE


 





PER CURIAM

 A jury found appellant guilty of possessing 28 or more grams but less than 200
grams of methamphetamine with intent to manufacture or deliver. Controlled Substances Act,
Tex. Health & Safety Code Ann. § 481.112 (Pamph. 1992). The jury assessed punishment at
imprisonment for seventy-five years.

 In his first point of error, appellant urges that the district court erroneously
authorized his conviction on a count of the indictment that had been waived by the State and not
read to the jury. The indictment contained two counts, the one on which appellant was convicted
and a second alleging that the amount of methamphetamine possessed with intent to manufacture
or deliver was more than 200 grams but less than 400 grams. As appellant correctly points out,
the second count was abandoned by the State prior to trial.

 Appellant is mistaken, however, when he states that the second count of the
indictment was submitted to the jury. The charge authorized appellant's conviction for the offense
alleged in count one or for the lesser included offense of possession of 28 or more grams but less
than 400 grams of methamphetamine. Tex. Health & Safety Code Ann. § 481.115 (Pamph.
1992). No error is presented and the point of error is overruled.

 By another point of error, appellant contends that the district court erred by
permitting a chemist who did not perform the tests to testify to the results of the chemical analysis
of the contraband. Appellant urges that this was a violation of the rule announced in Cole v.
State, No. 1179-87 (Tex. Crim. App., November 14, 1990) (motion for rehearing filed). In Cole,
the court held that reports prepared by Department of Public Safety chemists are not admissible
as business or public records. Tex. R. Crim. Evid. Ann. 803(6), (8) (Pamph. 1992). Cole is not
directly on point, as the reports prepared by the absent chemist were not offered or admitted in
evidence. In any event, there was no objection to the witness's testimony and the alleged error
was not preserved for review.

 Next, appellant argues that the district court erred by permitting the prosecutor to
question him concerning unadjudicated extraneous offenses. During his cross-examination at the
punishment stage, the prosecutor asked appellant:



Q. One would be led to believe from what you said that this was the only
arrest you'd ever had. That's not true, is it, Mr. Wilson?


A. Yes, it is.


Q. Aren't you pending other charges?


MR. EASTON: Your Honor, because the defendant's pending other charges,
because he's pending a case of bond jumping here, that's not the case on trial. It's
an unadjudicated offense at this time. We'd ask the Court to instruct the district
attorney to refrain from asking about the bond charge, Your Honor.


MR. CARROLL: That's not what I'm talking about, Judge.


MR. EASTON: He's asking about other offenses, Your Honor. We're going to
object to it.


THE COURT: Well, it depends if it's impeachment or not. Go ahead. I'll
overrule the objection. Ask a question, then we'll rule on it, see where we go with
this.


MR. CARROLL: When you were arrested in Lampasas, did you make a bond on
separate drug charges out of a different county?


MR. EASTON: Your Honor --


THE COURT: All right.


MR. EASTON: -- I'm going to object.


THE COURT: I'll sustain.


MR. EASTON: Make a motion before the Court.


THE COURT: I'll sustain the objection to that. Ask that the jury disregard that.



At this point, a discussion was held outside the jury's presence in which the court ruled that it
would permit proof of extraneous offenses for impeachment purposes and overruled appellant's
motion for mistrial. When the jury returned, the prosecutor completed his cross-examination
without further reference to other charges pending against appellant. The prosecutor did ask
appellant, without objection, if he had continued to use drugs following his arrest. Appellant
admitted that he had.

 Appellant objected to two questions by the prosecutor, neither of which was
answered. The first, asking about "other charges," was probably understood by the jury, as it was
by defense counsel, as referring to the pending indictment for failure to appear (the jury had been
informed of this pending charge). Under the circumstances, the error, if any, in overruling the
objection to this question was harmless. Tex. R. App. P. Ann. 81(b) (Pamph. 1992). Appellant's
objection to the second question, asking about "separate drug charges out of a different county,"
was sustained and the jury was instructed to disregard. We find that this instruction was sufficient
to cure any error and that the court did not abuse its discretion by denying the motion for mistrial. 
This point of error is overruled.

 Appellant's final point of error is an ineffective assistance of counsel claim in which
he identifies four alleged errors or omissions by trial counsel. First, appellant complains that his
attorney did not object to the chemist's testimony, as discussed above. It must be remembered,
however, that the opinion in Cole on which appellant now relies had not been announced at the
time of appellant's trial, and that Cole represents a sharp departure from established practice in
Texas (such a departure that it is still on rehearing eighteen months later).

 Second, appellant asserts that trial counsel failed to object to the charge error
alleged in his first point of error. As we noted above, no such error occurred.

 Third, appellant draws our attention to counsel's questioning of appellant at the
punishment stage, during which counsel brought out that appellant had jumped bond following his
arrest. Counsel's trial strategy appears to have been to portray appellant as a boy (seventeen at
the time of the offense) who was led astray by an older man and who, once involved in the man's
unlawful methamphetamine enterprise, was afraid of what might happen to him if he tried to
leave. The bail jumping was presented to the jury as evidence of the fear appellant felt. We
believe that this was a plausible tactical decision. See Ex parte Burns, 601 S.W.2d 370, 372 (Tex.
Crim. App. 1980).

 Fourth, appellant complains that trial counsel failed to call any other witnesses,
such as family, friends, or employers, who might have provided favorable testimony on his behalf
at the punishment stage. There is nothing in the record, however, to indicate that such witnesses
were available.

 We find that the acts and omissions of counsel of which appellant complains were
within the wide range of professionally competent assistance. Strickland v. Washington, 466 U.S.
668, 690; Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The fourth point of
error is overruled.

 The judgment of conviction is affirmed. 


[Before Justices Powers, Jones and Kidd; Justice Powers not participating]

Affirmed

Filed: June 24, 1992

[Do Not Publish]