Opinion issued April 5, 2007










 








In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00006-CR






ADAN TRINIDAD JASSO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 41393






MEMORANDUM OPINION

 Appellant, Adan Trinidad Jasso, entered a non-negotiated plea of guilty to the
charge of driving while intoxicated (DWI), including two previous convictions for
DWI that enhanced the offense to a third degree felony. (1) The trial court (2) assessed
punishment at six years' confinement. In his sole issue, appellant contends that his
trial counsel was ineffective.

 We affirm.

Facts and Procedural History

 On November 16, 2004, the Sugar Land Police Department (SLPD) received
a call reporting a DWI driver on US 90A in Fort Bend County. This call led police
officers to stop appellant and conduct three standardized field sobriety tests, all of
which appellant failed. The officers then arrested appellant for DWI and took him to
the station, where he was given an intoxilyzer screening that showed his blood
alcohol level to be between 0.186 and 0.198, more than twice the legal limit. The
arresting officers also logged into evidence a videotape labeled "DWI Video Tape."

 Appellant retained Cary Faden as trial counsel. Before appellant entered his
plea of guilty, trial counsel interviewed appellant and appellant's wife regarding the
incident, examined the police and witness reports and other items contained in the
State's file, watched the video taken by SLPD as evidence, and discussed the State's
evidence and possible outcomes with appellant and appellant's wife. On July 21,
2005, appellant pleaded guilty to DWI, which was elevated to a third-degree felony
because of two prior DWI convictions. Appellant waived his right to have a court
reporter record his plea, but he did sign plea documents and initialed the following
phrases:

The range of punishment for this offense is: 2-10 years TDCJ-ID and a
fine not to exceed $10,000. . . .


The recommendation of the prosecuting attorney, if any, as to
punishment is not binding on the Court. . . .


If the punishment assessed by this Court does not exceed the punishment
recommended by the State and agreed to by yourself and your attorney,
you must have the permission of this Court before you may prosecute an
appeal. . . .


If you are not a citizen of the United States of America, your plea of
guilty . . . may result in deportation . . . or the denial of naturalization
under federal law. . . .


That the attorney for the State will recommend to the Court that my
punishment be assessed at the following: No agreed recommendation -
plea to pre-sentence investigation. . . .


That I am mentally competent and understand the charge or charges
alleged against me. . . .


That I voluntarily enter my plea of Guilty to said offense, and my plea
is not influenced by . . . any persuasion or any delusive hope of pardon. 
In making my plea, I am not relying on any advice, information or
agreement not made known to the Court at this time. . . .


That I have consulted fully with my attorney before entering my plea
and am satisfied that my attorney has properly represented me.


Appellant contends on appeal that he has only a sixth-grade education and did not
understand what he was signing. Trial counsel later testified, however, that both trial
counsel and the judge explained the plea documents to appellant, and trial counsel
was satisfied that appellant understood what he was doing. Appellant and his wife
also testified that appellant was aware he was pleading guilty and that the next step
in the process was the pre-sentence investigation (PSI).

 Trial counsel prepared appellant for the PSI and sentencing hearing by
discussing a sentencing strategy with him, telling him to get letters of
recommendation to present to the judge and the preparer of the PSI, discussing the
possibility of presenting other witnesses, including appellant's daughter and appellant
himself, preparing appellant's wife to testify, and presenting her as a witness at the
sentencing hearing. Trial counsel did not, however, attend the PSI interview with
appellant. 

 Appellant appeared before the trial court for sentencing on October 3, 2005. 
Trial counsel's strategy was to get appellant probation with admission to an alcohol
treatment program (SAFPF) instead of jail time. The only witness who appeared on
appellant's behalf was his wife, Patricia Jasso. She testified about his character and
what she knew of his drinking habits. Trial counsel argued that appellant's four
previous DWI convictions, which dated back to 1986, and drinking history were
evidence that showed appellant's dependence on alcohol and his need for treatment. 
The trial court found that appellant had "not availed himself of all the services that the
taxpayers [had] afforded him to date, and . . . he [was] not ready to avail himself of
such an expensive investment [as] SAFPF." The trial court sentenced appellant to
confinement "for a period of six years, with credit for any time that he [had] served,
and, additionally, that he be . . . sentenced to the TPIC for alcohol counseling in
prison . . . ."

 Appellant subsequently retained new counsel and filed a notice of appeal of the
magistrate's order, judgment, and sentence and a motion for new trial. At the motion
for new trial hearing, appellant, his wife, and trial counsel all testified to the events
surrounding appellant's plea and sentencing. For the first time, appellant claimed that
he needed an interpreter in order to testify, but later decided that he could take the oath
and testify in English. After considering all the evidence and the arguments of
counsel, the trial court (3) denied appellant's request for a de novo hearing on
punishment and motion for new trial.

Discussion

 Appellant's challenge to the effectiveness of counsel can be divided into two
arguments. First, appellant argues that his guilty plea was the result of ineffective
assistance of counsel. Second, appellant argues that trial counsel did not provide
appellant adequate assistance during the sentencing phase of the trial. Appellant
contends trial counsel's ineffectiveness prejudiced his defense because "this lack of
effort contributed heavily to the trial judge's decision to sentence Appellant to six
years" and "but for counsel's unprofessional errors the result of the proceedings would
have been different. . . ."

 We review the trial court's refusal to grant a new trial for abuse of discretion. 
Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). In Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), the Supreme Court enunciated the
two-pronged test we must use to evaluate ineffective assistance of counsel claims. 
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). First, the defendant
must show that counsel's performance was deficient, meaning that it fell below an
objective standard of reasonableness. Strickland, 466 U.S. at 687-88, 104 S. Ct. at
2064. Second, the defendant must show that the deficient performance prejudiced the
defense, meaning that there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Id. at
687, 694, 104 S. Ct. at 2064, 2068.

 Guilt Stage

 In his first argument, appellant contends that he pleaded guilty based on
ineffective assistance of counsel. Appellant claims trial counsel did not investigate
or adequately prepare to challenge the evidence against appellant. Specifically,
appellant contends that trial counsel did not "interview[] witnesses other than the
appellant . . ., did not investigate the scene, did not challenge or look into the accuracy
of the intoxilyzer test, and filed no motions." Appellant contends that trial counsel
"relied exclusively" on information received from the prosecutor.

 Before a trial court may accept a guilty plea, it must admonish a defendant of: 
(1) the punishment range; (2) the fact that the State's sentencing recommendation is
not binding on the court; (3) the limited right to appeal; (4) the possibility of
deportation; and (5) any applicable registration requirements. Tex. Code Crim. Proc.
Ann. art. 26.13(a) (Vernon Supp. 2006). A record showing that the trial court
properly admonished a defendant creates a prima facie showing that the plea was
entered voluntarily and knowingly. Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998). Upon this showing, the burden shifts to the appellant to show that
the plea was involuntary. Martinez, 981 S.W.2d at 197. A plea entered on advice of
ineffective counsel is considered involuntary. Ex parte Burns, 601 S.W.2d 370, 372
(Tex. Crim. App. 1980). In determining whether counsel was inadequate, we must
apply the two-pronged Strickland test set out above. Ex parte Moody frames the
Strickland test in this context: "[V]oluntariness of the plea depends on (1) whether
counsel's advice was within the range of competence demanded of attorneys in
criminal cases and if not, (2) whether there is a reasonable probability that, but for
counsel's errors, he would not have pleaded guilty and would have insisted on going
to trial." Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999) (citing
Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)). Failure to make the
required showing under either prong of this standard defeats the ineffectiveness claim. 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

 The record establishes that the trial court properly admonished appellant. 
Appellant initialed the court's written admonishment in the plea document that the
range of punishment for his offense was "2-10 years TDCJ-ID and a fine not to exceed
$10,000." Appellant also initialed written statements that there was "no agreed
recommendation, [but a] plea to pre-sentencing investigation," and that he was "not
relying on any advice, information, or agreement not made known to the Court at this
time." Although appellant waived his right to a transcript of the plea proceedings,
testimony of appellant's trial counsel at the hearing on the motion for new trial
indicated that both trial counsel and the trial court explained the plea papers to
appellant at the plea proceeding. The testimony of appellant and his wife also shows
that appellant was aware that he was pleading guilty and that the next step in the
process was completing the PSI. Furthermore, appellant received admonishments
regarding his limited right to appeal, the possibility of deportation, and applicable
registration requirements. This evidence establishes that the trial court properly
admonished appellant. See Tex. Code Crim. Proc. Ann. art. 26.13(a); Martinez, 981
S.W.2d at 196-97. Thus, appellant must establish that his plea was involuntary under
the Strickland-Moody standard due to the ineffective assistance of trial counsel. See
Martinez, 981 S.W.2d at 196-97; Ex parte Moody, 991 S.W.2d at 857-58.

 In analyzing the first prong of the Strickland test as stated in Ex parte Moody,
we must consider whether appellant met his burden to prove that his trial counsel's
advice was within the range of competence demanded of attorneys in criminal cases. 
Ex parte Moody, 991 S.W.2d at 857-58. We begin by recognizing the strong
presumption that trial counsel's performance fell within the wide range of reasonable
professional assistance. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Thus, we must determine
whether appellant has overcome this presumption. Rylander, 101 S.W.3d at 110. To
defeat the presumption of reasonable professional assistance, "[a]ny allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness." McFarland, 928 S.W.2d at 500; Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 

 Appellant argues that trial counsel could have made other efforts, such as
looking into the accuracy of the intoxilyzer results, investigating the scene, and
interviewing witnesses other than appellant. Appellant points to nothing in the record,
however, to indicate that trial counsel had reason to question the intoxilyzer results or
to investigate the scene of the arrest. Trial counsel interviewed both appellant and
appellant's wife regarding the incident and reviewed statements made by SLPD and
the witness who called to report appellant's erratic driving. Nothing in the record
indicates the existence of other potential witnesses. Such conclusory statements of
actions that trial counsel could have taken are not sufficient to affirmatively
demonstrate counsel's ineffectiveness, and thus they do not defeat the presumption of
reasonable professional assistance. See McFarland, 928 S.W.2d at 500.

 Appellant has not met his burden to prove that his trial counsel's performance
fell below a reasonable standard of competence. See Ex parte Moody, 991 S.W.2d at
858. Therefore, we do not need to address the second prong of the Strickland-Moody
test. See McFarland, 928 S.W.2d at 500.

 Punishment Phase

 In his second argument, appellant contends that his trial counsel did not provide
adequate assistance in preparation for the PSI and at the sentencing hearing during the
punishment phase of the trial. We also apply the two-pronged Strickland test to
appellant's second argument. See Strickland, 466 U.S. at 687, 694, 104 S. Ct. at 2064,
2068; Hernandez, 988 S.W.2d at 772. Under the first prong we must determine
whether trial counsel's assistance fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064. 

 Again, appellant only makes conclusory statements of actions that his trial
counsel could have taken; he does not affirmatively demonstrate his counsel's
ineffectiveness. See McFarland, 928 S.W.2d at 500. Appellant contends that his trial
counsel allowed him to be interviewed for the pre-sentence report without counsel's
being present "knowing Appellant's understanding of the English language was
limited." Appellant also contends that his trial counsel did not prepare him for the pre-sentence interview, did not interview any professionals who could testify about the
benefits of treatment as opposed to incarceration, and did not assist him in securing
letters from family members or friends for inclusion in the pre-sentence report. 
However, trial counsel took several measures to prepare appellant for the PSI and
sentencing hearing. The record indicates that appellant had sufficient understanding
of the English language to testify at the hearing on the motion for new trial. The
record also indicates that trial counsel reasonably believed appellant also had
sufficient understanding to participate in the PSI. (4) Trial counsel discussed a
sentencing strategy with appellant and appellant's wife, told appellant to get letters of
recommendation to present to the judge and the preparer of the PSI, discussed the
possibility of presenting other witnesses, including appellant's daughter and appellant
himself, prepared appellant's wife to testify, and presented her as a witness at the
sentencing hearing.

 Appellant has not met his burden to prove that his trial counsel's performance
in preparation for the PSI and at the sentencing hearing fell below a reasonable
standard of competence. See Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064. 
Therefore, we do not need to address the second prong of the Strickland test. See
McFarland, 928 S.W.2d at 500.

 Based on the foregoing, we conclude that the trial court acted within its
discretion when it denied appellant's motion for new trial. See Charles, 146 S.W.3d
at 208. We overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.



 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia , Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Tex. Pen. Code Ann. § 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2006).
2. The Honorable Pedro Ruiz presiding.
3. The Honorable Clifford Vacek presiding.
4. The Fifth Circuit has held that a defendant's Sixth Amendment right to counsel was not
violated when he was interviewed without counsel's being present. United States v. Woods,
907 F.2d 1540, 1543 (5th Cir. 1990). The court reasoned that a routine PSI interview was
not a critical stage of proceedings in which counsel's presence or advice was necessary. Id;
see also Alegria v. State, No. 01-03-00847-CR, 2004 WL 1351451, at *2 n.1 (Tex.
App.--Houston [1st Dist.] June 17, 2004, no pet.) (not designated for publication) (noting
that other courts have rejected similar arguments).