# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00098-CR

**Ex parte Ignacio Luna Garcia**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 48700, HONORABLE JOE CARROLL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The State charged appellant Ignacio Luna Garcia with possession of more than four but less than two hundred grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a) & (d) (West 2010). Garcia pleaded guilty to the offense. Garcia subsequently filed an application for a post-conviction writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005), which the trial court denied. On appeal, Garcia argues that the trial court erred in denying relief on the habeas application because he received ineffective assistance of counsel. Specifically, Garcia argues that he received ineffective assistance of counsel due to (1) his trial counsel's failure to advise him of the immigration consequences of pleading guilty, and (2) his trial counsel's conflict of interest in representing both Garcia and Corey Ross, whose arrest for possession of marijuana stemmed from the execution of the same search warrant that led to Garcia's arrest. We affirm the judgment of the trial court.

## BACKGROUND

On October 14, 1997, the Killeen Police Department executed a search warrant at the home of Corey Ross. According to the affidavit of arrest for Ross, during the course of the search the police discovered a large container in a laundry room. Upon further investigation, the police discovered that the container was holding more than one pound of marijuana. Ross, who was at the residence at the time the warrant was executed, admitted to police that the marijuana belonged to him. According to the affidavit of arrest for Garcia, during the same search, the police found cocaine and drug-packaging materials in a bedroom where Garcia's personal belongings and bills addressed to Garcia were also found. Garcia was not present at the residence when the search began but arrived while it was still being conducted. Upon Garcia's arrival, police searched his vehicle and found a set of electronic scales.

Ross was indicted for possession of marijuana less than five pounds and cocaine in the amount of less than one gram, both state jail felonies. *See* Tex. Health & Safety Code Ann. §§ 481.121(a) & (b)(3), .115(b) (West 2010). Garcia was separately indicted for possession of cocaine in an amount less than two hundred grams but more than four grams with intent to deliver, a first degree felony. *See id*. § 481.112(a) & (d). Garcia and Ross retained the same defense counsel. On October 9, 1998, Ross pleaded guilty and was sentenced to eighteen months in state jail. On September 3, 1998, pursuant to a plea agreement, Garcia pleaded guilty and was sentenced to six years in prison.

Prior to entry of Garcia's plea, the trial court admonished Garcia that "in the event you are not a citizen of the United States, conviction of this type of offense may result in deportation

2

from the country, barred from re-admission to the country, and denied naturalization rights as a citizen." When asked whether he understood the potential consequences of his plea, Garcia responded, "Yes, sir."

Approximately twelve years later, on August 12, 2010, Garcia filed an application for a writ of habeas corpus, amending the application on October 22. In his application, Garcia alleged that he had been denied effective assistance of counsel because his trial counsel failed to advise him that he would become deportable if he accepted the State's plea offer. He also claimed that his trial attorney was ineffective because a conflict of interest existed in that trial counsel also represented Ross.

In support of his application, Garcia submitted his own affidavit, in which he stated that "at no time" did his trial attorney advise him that he "would become deportable or removable" if he accepted the plea offer. He further averred that "if [trial counsel] had told me that I would become removable or deportable by pleading guilty, I would never have elected to plead guilty. I would have chosen to go to trial." Garcia's trial counsel submitted a conflicting affidavit, stating that he and Garcia discussed the fact that Garcia's crime was a deportable offense. Trial counsel also stated that he tried to negotiate with the State to allow immediate removal in lieu of probation or jail time, that he "appreciated that any disposition of [Garcia's] criminal charge short of an acquittal would result in removal given the federal definition of 'conviction,'" and that "Mr. Garcia's immigration status was an influencing factor for both sides in the plea negotiations." He went on to say,

Given the fact that [Garcia] had committed a deportable offense even with a deferred probation, Mr. Garcia fully realized that removal was in his future. I recall telling him that he would likely be granted parole at the first look because they needed the prison space and INS would pick him up and take him to San Antonio for removal proceedings.

With respect to Garcia's allegation that a conflict of interest existed in trial counsel's representation of both Garcia and Ross, Garcia claimed that because he was not in the home at the time of the police search, he "had a defense of not having ownership, possession or control of the cocaine and marijuana. This defense would have been in direct conflict with the interests of Mr. Ross."

The trial court disposed of the habeas application on the submitted affidavits and record without holding a hearing. The trial court's findings of fact deemed the affidavit of Garcia's trial counsel "credible" and found that both trial counsel and the trial court advised Garcia of the possible deportation consequences before he entered his guilty plea. It further found that Garcia's allegation on this point was supported only by Garcia's own sworn allegations.

The trial court additionally found that, though Ross's and Garcia's cases occurred "in close proximity to each other," they "did not arise out of the same criminal transaction or the same criminal episode" and that Garcia failed to show that trial counsel had an actual conflict of interest or that his representation of Ross affected the adequacy of his representation of Garcia. Based on its findings, the trial court denied Garcia's habeas application, and this appeal followed.

## STANDARD OF REVIEW

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). The appellate court affords almost total deference to a trial court's factual findings in habeas proceedings when supported by the record, especially when those findings are based upon credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). A trial court's factual findings are entitled to some deference even when the findings do not rest on credibility determinations, but are instead based on physical or documentary evidence. *Manzi v. State*, 88 S.W.3d 240, 243 (Tex. Crim. App. 2002). A trial court's conclusions of law are reviewed *de novo*. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

## DISCUSSION

Garcia argues that his trial counsel's actions denied him effective assistance of counsel as guaranteed by the Sixth Amendment. *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). In order to prevail on a claim of ineffective assistance of counsel, Garcia must satisfy the two-prong test set forth in *Strickland*, which requires a showing that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome. *See* 466 U.S. at 687-88; *see also Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). The Supreme Court has held that the *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *see also Imoudu*, 284 S.W.3d at 869. A guilty

5

plea is not voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); *Ex parte Karlson*, 282 S.W.3d 118, 129 (Tex. App.—Fort Worth 2009, pet. ref'd).

Under the first prong of the *Strickland* test, the defendant must show that counsel's performance was deficient. However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Under the second prong, a defendant challenging a guilty plea satisfies the prejudice requirement by showing a reasonable probability that, absent counsel's deficient performance, the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Generally, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. *Id.* For example, "[w]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.*

Garcia first argues that his trial counsel's performance was deficient because trial counsel failed to advise Garcia that pleading guilty would lead to deportation. *See Padilla v. Kentucky*, 559 U.S.__, 130 S. Ct., 176 L. Ed. 2d 284 (2010) (holding that counsel's failure to inform non-citizen defendant that pleading guilty would result in deportation satisfied the first-prong of ineffective assistance of counsel claim). Garcia's trial counsel submitted an affidavit stating that he not only discussed the fact that the offense was a deportable offense, but that Garcia's immigration status was also "an influencing factor for both sides in the plea negotiations." Further, the record

6

indicates that the trial court itself admonished Garcia that, in the event that he was not a United States citizen, conviction might result in deportation. At Garcia's plea hearing, the following exchange took place:

COURT: All right. Mr. Garcia, in the event you are not a citizen of the United States, conviction of this type of offense may result in deportation from the country, barred from re-admission to the country, and denied naturalization rights as a citizen . . . . Do you have any questions about any of those matters?

DEFENDANT: No, sir.

COURT: Do you have any questions about any of the matters covered with you in writing or covered with you orally by the court?

DEFENDANT: No, sir.

The only evidence in the record contradicting trial counsel's affidavit was Garcia's own affidavit containing a declaration that trial counsel did not advise him of the deportation consequences. Thus, the trial court's finding that Garcia was advised by trial counsel of the possible deportation consequences before he pleaded guilty is supported by the record. We must defer to the trial court's factual determinations and therefore cannot say that the trial court erred in its finding. *Ex parte Amezquita*, 223 S.W.3d at 367.

Garcia next argues that trial counsel's representation was ineffective because trial counsel had a conflict of interest in representing both Garcia and Ross. *See Cuyler v. Sullivan*, 446 U.S. 335 (1980) (recognizing that Sixth Amendment may be violated where multiple

representation creates actual conflict of interest). Because Garcia did not object to the alleged conflict of interest in the trial court, in order to show ineffective assistance of counsel on appeal, he must show that trial counsel had an actual conflict of interest and that the conflict of interest actually colored counsel's actions. *Acosta v. State*, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007).

Garcia's only claim on appeal that the alleged conflict of interest colored trial counsel's actions is his allegation that trial counsel's representation of Ross prevented trial counsel from raising a potential defense based on Garcia's "lack of presence, of possession, ownership or control over the controlled substances that were found in Mr. Ross['s] residence." *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005) ("When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband."). As Garcia's ineffective assistance claim centers around trial counsel's failure to advise him of this potential defense, the success of his claim depends largely on whether the defense likely would have succeeded at trial. *Hill*, 474 U.S. at 59. The affidavit for Garcia's arrest indicates that cocaine was found in a bedroom containing Garcia's personal possessions and bills addressed to Garcia. It further stated that Garcia arrived at the residence during the police search and that a set of electronic scales were found in Garcia's vehicle. Given this evidence, we cannot say that a defense to actual care, custody, and control would likely have succeeded at trial. Because the trial court did not abuse its discretion in denying relief based on ineffective assistance of counsel, Garcia's only point of error is overruled.

**CONCLUSION**

We affirm the trial court's order denying habeas relief.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   September 30, 2011

Do Not Publish