

# NUMBERS 13-11-00606-CR AND 13-11-00607-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ARTHUR DONNEL ADAIR A/K/A ARTHUR KING,   Appellant,

v.

THE STATE OF TEXAS,        Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Rose Vela**

In cause no. 13-11-00606-CR, appellant, Arthur Donnel Adair a/k/a Arthur King,

pleaded guilty to burglary of a habitation with intent to commit assault, a second-degree

felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (West 2011). In cause no. 13-11-00607-CR, appellant pleaded guilty to aggravated sexual assault of a child, a first-degree felony, *see id.* § 22.021(a), (e) (West Supp. 2011) and attempted aggravated sexual assault of a child, a second-degree felony. *See id.* § 15.01(a), (d) (West 2011). In both cases, the trial court placed appellant on deferred-adjudication community supervision. The State filed separate motions to revoke his community supervision in each case, and appellant pleaded "true" to the violations of the terms and conditions of community supervision alleged in each motion. The trial court revoked his community supervision in each case and sentenced him to ten years' imprisonment for the offense of burglary of a habitation, sixty years' imprisonment for the offense of aggravated sexual assault of a child, and twenty years' imprisonment for the offense of attempted aggravated sexual assault of a child. The trial court ordered the sentences for each offense to run concurrently.

By two issues, appellant argues his pleas of "true" were involuntary because: (1) his inadequate educational and intellectual levels resulted in his inability to understand his rights, the nature of the proceedings, and the possible consequences of his pleas of true; and (2) his defense counsel's advice to waive the ten-day possession and preparation time to which he was legally entitled contributed to his lack of understanding of his rights, the nature of the proceedings, and the possible consequences of his pleas of "true". We affirm.

## I. REVOCATION HEARING

The trial court heard both motions to revoke during the same hearing. At that

time, the trial court asked appellant's defense counsel, "In your opinion, is your client competent to stand trial?" To this, defense counsel said, "Yes, ma'am." When the trial court asked defense counsel, "And has he [appellant] been able to assist you with any possible defenses?", defense counsel said, "Yes, ma'am." Later during the hearing, the trial court admonished appellant as follows:

The Court: In each of these cases you went over a document with your attorney called the court's written admonishments to you. It's a document the Court provides to explain your rights. Your attorney goes over them with you to make sure you understand them. Had you had enough time to go over these documents with your attorney?

Appellant: Yes, ma'am.

The Court: Do you need anymore time to talk to your attorney about your rights or the rights you may be waiving?

Appellant: No, ma'am.

The Court: In each of these cases you have waived certain rights, so I do want to go over with you. In each of these cases you have waived the right or the need to have a language interpreter present with you in court, which confirms that you speak and understand the English language.

In each of these cases you have waived your right to have the motion to revoke read to you out loud. In each of these cases you have waived any 10 day preparation period you might not have otherwise have had. In each of these cases you are waiving your right to confront and cross-examine State's witnesses and challenge the evidence they may have against you.

And in each of these cases you are withdrawing or waiving your right to file any pretrial motion and have those motions ruled on by the Court.

Appellant: Yes, ma'am.

3

The Court:   Do you understand that you are waiving each of those rights here today?

Appellant:   Yes, ma'am.

The Court:   And are you waiving each of these rights freely and voluntarily?

Appellant:   Yes, ma'am.

The Court:   Did anybody force you to waive your rights?

Appellant:   No, ma'am.

The Court:   Did anybody promise you anything?

Appellant:   No, ma'am.

The Court:   In each of these cases you do not have a right to a jury trial; do you understand that?

Appellant:   Yes, ma'am.

The Court:   And any agreement your attorney might have reached with the State of Texas in either of these cases is not binding on the Court; do you understand that as well?

Appellant:   Yes, ma'am.

The Court:   Then the Court is going to find that you are competent. I'm going to find that you have knowingly and voluntarily waived your rights associated with this proceeding. I am going to find that you understand the range of punishment you could be facing. And I'm going to approve all of your written statements and waivers at this time.

In Cause No. 04-CRF-0678, the State of Texas has alleged that you have violated certain terms and conditions of your community supervision. Specifically, they allege that you violated conditions as set out in counts one through eighteen. To these allegations how do you plead, sir, true or not true?

Appellant:   True.

4

The Court: Are you pleading true because each of these counts one through eighteen are true?

Appellant: Yes, ma'am.

The Court: Did anybody force you to enter a plea of true?

Appellant: No, ma'am.

The Court: Did anybody promise you anything?

Appellant: No, ma'am.

The Court: And in the 08-0400-2 case, the State of Texas alleges that you have violated terms and conditions of your community supervision. Specifically, they allege that you violated your conditions as alleged in counts one through twenty-one. To these allegations, how do you plead, sir, true or not true?

Appellant: True.

The Court: Are you pleading true to counts one through twenty-one?

Appellant: Yes, ma'am.

The Court: Are you pleading true because each of counts one through twenty-one are true?

Appellant: Yes, ma'am.

The Court: Did anybody force you to enter a plea of true?

Appellant: No, ma'am.

The Court: Did anybody promise you anything?

Appellant: No, ma'am.

The Court: In each of these case, Mr. Adair, do you understand that by pleading true, based on that alone, with no other evidence from the State of Texas, the Court could find that you have violated terms and conditions of your probation?

Appellant: Yes, ma'am.

5

The Court:    And find the allegations to be true; do you understand that?

Appellant:    Yes, ma'am.

The Court:    Then the Court will accept your plea of true to each of counts one through eighteen in 04-CRF-0678 and each of counts one through twenty-one in 08-CRF-0400-2. . . .

Afterwards, defense counsel called appellant as a witness, who testified he used drugs "[e]very day."   When asked what drugs he used, he said, "Marihuana and cocaine."   Every time he "tested positive" for drugs, he told his community-supervision officer.   Appellant wanted treatment for his drug habit and was "willing to do" what "the Judge sentences . . . [him] with regards to treatment, . . . ."

## II. DISCUSSION

### A. Voluntariness of Pleas of True

In issue one, appellant contends his pleas of true were involuntary because his inadequate educational and intellectual levels resulted in his inability to understand his rights, the nature of the proceedings, and the possible consequences of his pleas of true.

#### 1. Preservation of Error

In *Ibarra v. State*, the court of criminal appeals, in a unanimous opinion, cited Rule 33.1 of the Texas Rules of Appellate Procedure and held:  "Except for complaints involving fundamental constitutional systemic requirements which are not applicable here, all other complaints based on a violation of both constitutional and statutory rights are waived by failure to comply with rule 33.1."   11 S.W.3d 189, 197 (Tex. Crim. App. 1999).   "Structural errors (those which involve fundamental constitutional systemic requirements) are those which defy analysis by harmless error standards."   *Mendez v.*

6

*State*, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004). The court of criminal appeals "has held that questions regarding the voluntariness of a plea do not defy harm analysis and, therefore, do not involve fundamental constitutional systemic requirements." *Id.* (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). In *Cain*, the court stated: "Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Id.*

### 2. Analysis

"As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion. . . ." TEX. R. APP. P. 33.1(a)(1). Challenges to the voluntariness of a plea must be raised before the trial court to preserve the complaint for review on appeal. *See id.*; *Mendez,* 138 S.W.3d at 338. In the instant case, appellant did not preserve his complaint in accordance with rule 33.1 requirements. No complaint was made to the trial court that the pleas of true were involuntary, not only at the time of the revocation hearing, but no motion for new trial raised this issue. This issue was never presented to the trial court to consider. Because appellant failed to preserve a challenge to the voluntariness of his pleas of true to the allegations in the State's motions to revoke, we overrule the first issue.

## B. Ineffective Assistance of Counsel

In issue two, appellant contends his pleas of true were involuntary because his

7

defense counsel's advice to waive the ten-day possession and preparation time to which he was legally entitled contributed to his lack of understanding of his rights, the nature of the proceedings, and the possible consequences of his pleas of true.

### 1. Standard of Review

"The Sixth Amendment to the United States Constitution, and section ten of Article 1 of the Texas Constitution, guarantee individuals the right to assistance of counsel in a criminal prosecution." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10). "The right to counsel requires more than the presence of a lawyer; it necessarily requires the right to effective assistance." *Id.* (citing *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Powell v. Alabama*, 287 U.S. 45, 57 (1932)). "However, the right does not provide a right to errorless counsel,[1] but rather to objectively reasonable representation." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).

Defendants have a right to counsel at a probation-revocation hearing. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(d) (West Supp. 2011). And, "[a] defendant has a Sixth Amendment right to effective assistance of counsel in plea proceedings." *Ex parte Niswanger*, 335 S.W.3d 611, 614 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. VI; *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010)). In *Niswanger*, the court of criminal appeals stated that "[a] guilty plea is not considered knowingly and voluntary if it is made because of ineffective assistance of counsel." *Id.* at 614–15 (citing *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980)). We believe this same rule applies to pleas of true in probation-revocation cases.

---

[1] *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

"To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland. . . .*"  *Lopez*, 343 S.W.3d at 142.  "Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense."  *Id.* (citing *Strickland*, 466 U.S. at 689).  "Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective."  *Id.* (citing *Strickland*, 466 U.S. at 687).  "In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms."  *Id.*  "To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different."  *Id.* (citing *Strickland*, 466 U.S. at 687).

In order to satisfy the prejudice prong in the context of a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).  A defendant "'need not show that his case would have received a more favorable disposition had he gone to trial.'"  *Ex parte Niswanger*, 335 S.W.3d at 615 (quoting *Johnson v. State*, 169 S.W.3d 223, 231 (Tex. Crim. App. 2005)).

"An appellate court must make a 'strong presumption that counsel's performance fell within the wide range of reasonably professional assistance.'"  *Lopez*, 343 S.W.3d at 142 (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (citing *Strickland*, 466 U.S. at 689)).  "In order for an appellate court to find that counsel was

9

ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation." *Id.* (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). "'It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence.'" *Id.* at 142–43 (quoting *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007)). "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id.* at 143 (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). "In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Id.* (citing *Robertson*, 187 S.W.3d at 483).

### 2. Analysis

In this case, there is no indication in the record of any misrepresentation or advice by defense counsel with regard to waiving the ten-day possession and preparation time. "[W]ithout some explanation as to why counsel acted as he did, we presume that his actions were the product of an overall strategic design." *Chuong Duong Tong v. State*, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000). We conclude appellant has not proved by a preponderance of the evidence on the record that defense counsel's advice fell outside the range of competence. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Because we find appellant did not receive ineffective assistance of counsel, we overrule issue two.

10

### III. CONCLUSION

The judgments of the trial court are affirmed.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of August, 2012.

11