# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00726-CR

**Ex parte Garet Johnson**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY, NO. C-1-CR-06-723225, HONORABLE MICHAEL J. McCORMICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Garet Johnson appeals from the trial court's denial of his application for writ of habeas corpus challenging his conviction for misdemeanor driving while intoxicated. *See* Tex. Code Crim. Proc. art. 11.072. He contends that trial counsel's ineffective assistance rendered his plea involuntary. We affirm the trial court's denial of relief.

## BACKGROUND

On January 19, 2006, appellant was arrested for misdemeanor DWI and felony possession of a controlled substance. One attorney represented him on both charges and eventually negotiated plea agreements for both cases. On May 17, 2007, appellant pled guilty, not to the felony possession of a controlled substance charge but, pursuant to the negotiated plea agreement, to misdemeanor attempted possession of controlled substance. On June 29, 2007, appellant pled nolo contendere to the driving while intoxicated charge. On July 13, 2012, appellant filed an application for writ of habeas corpus challenging only his DWI conviction. He asserted that his trial counsel misrepresented information to him about the plea agreements she negotiated on his behalf. He

claims that his trial counsel had advised him that in order to accept the plea bargain reducing the felony drug possession to the lesser charge of attempted possession of a controlled substance he was required to plead to the driving while intoxicated charge. After conducting a hearing on the habeas application, the trial court denied relief finding that the evidence did not support appellant's claims and that he was not entitled to relief.

## STANDARD OF REVIEW

To prevail in a post-conviction writ of habeas corpus proceeding, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In reviewing a trial court's decision to grant or deny habeas relief, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).

In an article 11.072 post-conviction habeas corpus proceeding, the trial judge is the sole finder of fact.[1] *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). Thus, in conducting our review, we afford almost total deference to the trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor.

---

[1] The State contends that appellant filed an application pursuant to article 11.07 rather than an application pursuant to article 11.072. This contention appears to be based on a mistaken reference to article 11.07 in the body of the application. However, it can be understood that appellant was seeking a writ under article 11.072 based on the fact that he was challenging the legal validity of a conviction for which community supervision was imposed. *See* Tex. Code Crim. Proc. art. 11.072, § 2(b)(1). Moreover, the trial court followed the statutory procedures set forth in article 11.072. *See id.*, §§ 6–7.

*Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006); *Ex parte Thompson*, 153 S.W.3d 416, 417–418 (Tex. Crim. App. 2005).

## ANALYSIS

Appellant claims that his trial counsel tricked him into entering a plea to the driving while intoxicated charge as a prerequisite to reducing the possession of a controlled substance charge from a felony to a misdemeanor. In his sole point of error, appellant asserts that the trial court abused its discretion in failing to conclude that trial counsel misrepresented the terms of the plea agreement, which rendered his plea involuntary.

A guilty plea is not voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). To prevail on a claim of ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and that a reasonable probability exists that the result of the proceeding would have been different but for the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). Any allegation of ineffectiveness must be firmly founded in the record, and the record must demonstrate affirmatively the alleged ineffectiveness. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). A defendant challenging a guilty plea must show a reasonable probability that, absent counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). In determining whether an attorney's performance was deficient, we apply a strong presumption that the attorney's conduct was within

the range of reasonable professional assistance, *Thompson*, 9 S.W.3d at 813, and counsel's advice "was within the range of competence demanded of attorneys in criminal cases," *Ex parte Ali*, 368 S.W.3d 827, 833 (Tex. App.—Austin 2012, pet. ref'd) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Appellant's trial counsel testified at the habeas hearing that throughout her 17-year career as a criminal defense attorney she has handled roughly 2500 cases. She indicated that this was not her first time advising a client about the details of a plea agreement and she correctly advised appellant of his options in this case. She testified that had the DWI plea been part of the reduction of the felony charge she would have made a note of it in her file, and she did not. The assistant district attorney handling the felony drug charge testified that "the offer I made was not contingent on anything happening in that DWI." Additionally, the assistant county attorney handling the DWI stated that had the DWI been contingent on the drug charge she would have called the felony prosecutor to work out details of the terms of probation and that she has no record of ever making such a call. In their testimony at the habeas hearing, consistent with their affidavits submitted in response to appellant's habeas corpus application, the assistant district attorney, the assistant county attorney, and appellant's trial counsel all stated that they could not recall any mention of the DWI plea being a prerequisite to the reduction of the drug possession charge nor did they have any notes pertaining to such a package deal in their files. Moreover, neither written plea agreement contained any mention that the plea was related to or conditional upon the other plea.

In the written order denying relief, the trial court made explicit findings that:

4

- the reduction of the felony [possession of a controlled substance] charge was not dependent on [appellant's] pleading to the DWI; [and]

- trial counsel did not misrepresent to [appellant] that he was required to plead guilty or no-contest to the DWI charge as a prerequisite to the felony prosecutor's reducing the felony POCS charge to a misdemeanor.

The court then concluded "that the evidence falls far short of that required to grant any kind of relief." Based on the testimony presented at the habeas hearing, the court's fact findings are supported by the record. Further, these findings support the trial court's implied conclusion that counsel did not render deficient performance and therefore appellant's plea was not involuntary due to ineffective assistance of counsel, as well as the court's explicit conclusion of law that the evidence failed to support appellant's claim or entitle him to relief.

We conclude that the trial court did not abuse its discretion in denying appellant's application for writ of habeas corpus. Giving proper deference to the court's findings of fact, the record supports the court's conclusion that appellant failed to show ineffective assistance by trial counsel and thus appellant was not entitled to habeas relief on the ground asserted. We overrule appellant's sole point of error.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's order denying habeas relief.

5

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   July 29, 2015

Do Not Publish

6