**Ex parte Issiac BRATCHETT.**

**No. 48611.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

James Randals, Huntsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus application brought under the provisions of Article 11.07, Vernon's Ann.C.C.P., as amended. See Ex parte Young, 418 S.W. 2d 824 (Tex.Cr.App.1967).

Petitioner first filed his habeas corpus application in the convicting court, the First Judicial District Court of San Augustine County, alleging that at the time of his conviction for murder with malice aforethought upon his guilty plea on November 7, 1972, he was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

Following an evidentiary hearing, the trial court filed its findings of fact and conclusions of law. The court found that appointed counsel did not interview any witnesses, investigate the reputation of the deceased, and did not research the law governing the case, talked to the petitioner only on three occasions, was not present at the trial, substituting his law partner, who had not interviewed witnesses or researched the law. The court further found that the petitioner was informed by both counsel that an assault to murder charge in Dallas County would be dismissed if he pled guilty for life in the instant case, without verifying the same with appropriate Dallas County officials, and that the petitioner was later convicted of such offense in Dallas County. The trial court concluded that the petitioner was thus denied the effective assistance of counsel and that the guilty plea was not a voluntary and knowledgeable act.[1]

In post-conviction habeas corpus hearings the burden of proof is upon the petitioner, Ex parte Slaton, 484 S.W.2d 102 (Tex.Cr.App.1972), and the reviewing court is not bound by the findings of the trial court. Ex parte Williams, 486 S.W. 2d 566 (Tex.Cr.App.1972).

In determining whether an accused has been denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, the particular circumstances of each individual case must be considered. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). See also Chalk v. Beto, 429 F.2d 225 (5th Cir. 1970); King v. Beto, 429 F.2d 221 (5th Cir. 1970), cert. denied, 401 U.S. 936, 91 S.Ct. 921, 28 L.Ed.2d 216 (1971).

The test to be applied in determining whether counsel has provided constitu-

---

1. The same trial judge presided at the guilty plea and the evidentiary hearing.

tionally satisfactory services is the "reasonably effective assistance" standard of MacKenna v. Ellis, 280 F.2d 592, 599 (5th Cir. 1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). There, the court said:

> "We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance."

Such test has been adopted by this court. See Ex parte Gallegos, 511 S.W.2d 510 (Tex.Cr.App.1974), and cases there cited. See and compare Herring v. Estelle, 491 F.2d 125 (5th Cir. 1974).

■ The record in the instant case reflects that counsel was appointed to represent the petitioner on the murder charge on October 25, 1972, and talked briefly with him on that date, again briefly on November 6, 1972, and the date of the guilty plea, November 7, 1972.

Such appointed counsel[2] admitted in his testimony at the habeas corpus evidentiary hearing that he did not ask the petitioner if he had any witnesses, made no investigation, did not "look into" the background of the deceased, and did not research the law governing petitioner's case. He apparently had access to a statement made by the petitioner and statements by certain witnesses,[3] but he readily admitted he made no investigation himself.

Although the court granted a motion for continuance on November 6, 1972, continuing the case to the next term of court based on the allegation that appointed counsel could not "safely go to trial because of the large number of witnesses present at the scene of the alleged crime that said attorney needs additional time to interview said witnesses in order to prepare an adequate defense . . .," the

petitioner was allowed to plead guilty the next day for life, the maximum punishment then in effect for murder with malice. See Article 1257, Vernon's Ann.P.C. 1925; Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Appointed counsel was not present at the time of the guilty plea. He explained that it was "his day" to be in another town where he also operated a law office. The law partner of such appointed counsel appeared with the petitioner at the time of the trial and signed a waiver of the ten days' preparation period. See Article 26.04, Vernon's Ann.C.C.P. Like appointed counsel, the law partner did not interview witnesses, make any investigation or research the law. He did talk briefly to the petitioner prior to trial.

The record reflects that the petitioner was informed by both appointed counsel and his law partner that the district attorney refused to accept anything less than life imprisonment, but that if he pled guilty for life, a charge of assault with intent to murder with malice aforethought pending in Dallas County would be dismissed or "dropped." No effort was made by appointed counsel or his law partner to verify with appropriate Dallas County authorities that such charge would be dismissed. Appointed counsel related he relied upon conversations with the local district attorney and sheriff. The sheriff testified he talked with a deputy sheriff and an assistant district attorney in Dallas, but there was no suggestion the charge there would be dismissed, only that the sentences would run "cc" or concurrently. The record shows that petitioner was subsequently bench warranted to Dallas County and convicted of the said assault to murder charge and a 25 year sentence was imposed to run concurrently with the life sentence from San Augustine County.

Petitioner testified that appointed counsel advised him to take the life sentence in

---

2. The record reflects that at the time of appointment counsel had been practicing a little over one year.

3. These statements were not introduced at the evidentiary hearing.

order to get the Dallas charge dismissed, but did not advise him that life was the maximum punishment which could be imposed regardless of his plea.[4] He generally corroborated other portions of the record already discussed.

The record thus supports the trial court's findings earlier described and such findings are not disputed by the State, which has not even filed a brief in this matter.

We conclude that the petitioner did not have the effective assistance of counsel and that his guilty plea was not a voluntary or knowledgeable act.

The relief prayed for is granted and petitioner is ordered remanded to the Sheriff of San Augustine County to answer the indictment in Cause No. 5894 in the First Judicial District Court.

It is so ordered.

ROBERTS, J., concurs in the result.

---

4. He testified he didn't understand all the things the judge told him at the time of his guilty plea.