02-12-382-CR.REH









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00382-CR

 

 


 
 
 Dedric
 D. Wilson
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 396th District
 Court
  
 of
 Tarrant County (0761071D)
  
 January
 24, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT ON REHEARING

 

After
considering the Appellant’s motion for rehearing, we deny the motion.  We
withdraw our October 25, 2012 opinion and judgment and substitute the
following.

This
court has again considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00382-CR

 

 


 
 
 Dedric D. Wilson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM OPINION[1] ON APPELLANT’S

MOTION FOR REHEARING

----------

After
considering Appellant’s motion for rehearing, we deny the motion, but we
withdraw our opinion and judgment of October 25, 2012, and substitute the
following.

Appellant
Dedric D. Wilson appeals from the trial court’s order denying his “Motion to
Vacate Guilty Plea Nunc Pro Tunc,” in which he contends that his trial counsel
was ineffective regarding his 2001 conviction and sentence.  In late August
2012, we informed Appellant by letter of our concern that we do not have
jurisdiction over his appeal and stated that his appeal could be dismissed
unless he or any party filed within ten days a response showing grounds for
continuing the appeal.  Appellant’s response does not show valid grounds for
continuing the appeal.

An
order denying a motion for judgment nunc pro tunc is not
appealable.[2]
 Further, despite the title Appellant gave his motion, the relief he seeks—that
the trial court vacate his guilty plea based on trial counsel’s alleged
ineffective assistance—is not available via a judgment nunc pro tunc:

The
purpose of a judgment nunc pro tunc is to correctly reflect from the court’s
records the judgment the court actually rendered but for some reason did not
enter at the proper time.  A judgment nunc pro tunc can be entered at any time,
even after the trial court has lost jurisdiction over the case.  Nunc pro tunc
can only be used to correct clerical errors, however, not judicial ones. 
Whether an error is judicial or clerical in nature is a question of law.  The
failure to record or to accurately record a judgment that was rendered in fact
is a clerical error.  A judicial error is one that is the product of judicial
reasoning.  A nunc pro tunc entry may be made to correct a judgment to properly
reflect the trial court’s actual ruling, but it may not be used to modify or
add provisions to an order previously entered.[3]

An
applicant may obtain the type of relief Appellant seeks via a successful
article 11.07 application for writ of habeas corpus.[4] 
But to the extent that Appellant asks us to interpret his complaint “under
whatever law or procedure that is allowed to correct the clear Constitutional
errors that were made,” an intermediate appellate court does not have jurisdiction over matters related to article 11.07 applications
for writs of habeas corpus.[5]  “Article 11.07 contains
no role for the courts of appeals; the only courts referred to are the
convicting court and the Court of Criminal Appeals.”[6]

Accordingly,
we dismiss this appeal for want of jurisdiction.[7]

 

PER
CURIAM

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 24, 2013









[1]See Tex. R. App. P. 47.4.





[2]See Ex parte Ybarra,
149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004) (providing that appropriate
remedy for denial of motion for judgment nunc pro tunc is to file mandamus
petition in court of appeals); Everett v. State, 82 S.W.3d 735, 735
(Tex. App.—Waco 2002, pet. dism’d).





[3]In re Hancock, 212
S.W.3d 922, 927 (Tex. App.—Fort Worth 2007, orig. proceeding) (citations
omitted).





[4]See, e.g., Ex
parte Bratchett, 513 S.W.2d 851 (Tex. Crim. App. 1974).





[5]See Tex. Code Crim.
Proc. Ann. art. 11.07, §§ 3, 5 (West Supp. 2012); Board of Pardons &
Paroles ex rel. Keene v. Court of Appeals for Eighth Dist., 910 S.W.2d 481,
483 (Tex. Crim. App. 1995).





[6]In re McAfee, 53
S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).





[7]See Tex. R. App. P.
43.2(f).