ACCEPTED
12-14-00245-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/12/2015 1:43:29 PM
CATHY LUSK
CLERK

## NO. 12-14-00245-CR

## IN THE COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/12/2015 1:43:29 PM
CATHY S. LUSK
Clerk

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

_____

## JUSTIN CHRISTIAN
## Appellant

## V.

## STATE OF TEXAS
## State

_____

## BRIEF OF APPELLANT,
## JUSTIN CHRISTIAN

_____

**LAW OFFICE OF ALLEN W. ROSS
P.O. BOX 528
JACKSONVILLE, TEXAS 75766
TELEPHONE: (903) 589.7852
TELEFAX: (903) 357.4375**

**ORAL ARGUMENT NOT REQUESTED:**

_____

**ALLEN W. ROSS
State Bar No. 00788324
ATTORNEY FOR APPELLANT**

# TABLE OF CONTENTS

NAMES OF ALL PARTIES.................................................................................................. i

INDEX OF AUTHORITIES................................................................................................ ii

INDEX OF ABBREVIATIONS ........................................................................................... ii

PRELIMINARY STATEMENT OF THE NATURE OF THE CASE .....................................3

STATEMENT OF POINTS OF ERROR.............................................................................5

STATEMENT OF FACTS...................................................................................................5

BRIEF OF THE ARGUMENT............................................................................................6

ARGUMENT AND AUTHORITY .......................................................................................6

PRAYER FOR RELIEF ................................................................................................... 15

CERTIFICATE OF SERVICE .......................................................................................... 16

CERTIFICATE OF WORD COUNT................................................................................. 17

# NAMES OF ALL PARTIES

**The parties to this action are:**

**Appellant**
JUSTIN CHRISTIAN
TDCJ-ID #01951215
Bradshaw State Jail
PO Box 9000
Henderson, TX 75693

**Appellant's Counsel**
ALLEN W. ROSS
Attorney at Law
PO Box 528
Jacksonville, TX 75766

**State of Texas**
RACHEL PATTON
Cherokee County District Attorney
West 6th Street
Rusk, Texas 75785

**The parties' counsel before the Trial Court:**

| **Appellant** | **State of Texas** |
|---|---|
| STEN LANGSJOEN | RACHEL PATTON |
| Attorney at Law | Cherokee County District Attorney |
| PO Box 539 | West 6th Street |
| Tyler, TX 75710-0539 | Rusk, Texas 75785 |

# INDEX OF AUTHORITIES

**Cases**

*Andres v. California, 386 U.S. 738 (1967)* ...................................................................5

*Bennett v. State*, 282 (Tex.Crim.App.1972)................................................................ 12

*Cardona v. State*, 493-94 (Tex.Crim.App.1984) .......................................................... 12

*Cobb v. State,* 874 (Tex.Crim.App.1993) ..................................................................... 13

*Ex Parte* Bratchett, 513 S.W. 2d 851, 853 (Tex. Crim. App. 1974) ......................... 12

*Gainous v. State of Texas*, 436 S.W.2d 137 (Tex. Crim. App. 1969) .........................5

*Garrett v. State,* 174 (Tex.Crim.App. [Panel Op.] 1981)........................................... 13

*Jenkins v. State,* 437 (Tex.Crim.App.1983) .................................................................. 12

*Langford v. State,* 739 (Tex.Crim.App.1979) ............................................................... 13

*Ross v. State,* 403 (Tex.Crim.App.1975) ...................................................................... 13

*Saxton v. State*, 912 n. 3 (Tex.Crim.App.1991) ........................................................... 13

*Taylor v. State*, 179 (Tex.Crim.App. [Panel Op.] 1980)............................................. 13

*Wilson v. State,* , 934 (Tex.App.--Dallas 1983, no pet.)............................................ 12

**Statutes**

Tex. Code Crim. Proc., Art 1.141 ...................................................................................6

Tex. Code Crim. Proc., Art 21.21 ...................................................................................6

Tex. Code Crim. Proc., Art 21.22 ...................................................................................6

Tex. Code Crim. Proc., Art. 42.01 ..................................................................................8

Tex. Penal Code, §12.34 .................................................................................................7

Tex. Penal Code, §22.01(b)2)(B) ...................................................................................6

# INDEX OF ABBREVIATIONS

Clerk's Record.............................................................................................................CR

Reporter's Record.......................................................................................................RR

**NO. 12-14-00245-CR**

**IN THE COURT OF APPEALS**

**TWELFTH COURT OF APPEALS DISTRICT**

**TYLER, TEXAS**

_____

**JUSTIN CHRISTIAN**
**Appellant**

**V.**

**STATE OF TEXAS**
**State**

_____

**BRIEF OF APPELLANT,**
**JUSTIN CHRISTIAN**

**TO THE HONORABLE JUSTICES OF SAID COURT:**

NOW COMES JUSTIN CHRISTIAN, Appellant in the above-styled and numbered cause and Appellant in the Trial Court, and, by and through appointed Counsel, files this his *Brief of Appellant* and respectfully reports to the Twelfth Court of Appeals that no errors were found to have been

committed by the Trial Court relating to pretrial and evidentiary rulings during trial in Cause Number 19062 in the 369th Judicial District Court of Cherokee County, Texas, before the Honorable Judge Bascom Bentley, Judge Presiding.

Following a review of the pre-trial proceedings, trial and judgment, no error, that was more than harmless error, was found that could be presented for review to the appellate court, and therefore, appointed counsel seeks to withdraw here-from and has invited response hereto from the Appellant.

## PRELIMINARY STATEMENT OF THE NATURE OF THE CASE

The following dates are applicable to the case history in this matter:

On February 14, 2014, the State of Texas filed an information alleging the offense of *Assault Family Violence – Impeding Breath* a 3rd degree felony. Said offense was assigned the trial cause number 19062 (CR: pg. 5-6).

On February 18, 2014 Appellant, represented by counsel, waived indictment, to the felony offense of *Assault Family Violence – Impeding Breath* (CR: pg. 4).

Further, On February 18, 2014, Appellant and his trial counsel entered into a plea recommendation where by the Appellant was sentenced to ten (10) years in the Texas Department of Criminal Justice with said sentence being suspended and probated for a period of seven (7) years (CR: pg. 7-8).

On February 18, 2014, the trial court certified that the Appellant did not have a right to an appeal because Appellant did waive his right to appeal concerning all issues which occurred at his plea hearing (CR: pg. 9-10).

At the conclusion of the plea hearing, the trial court entered judgment in conformity with the plea agreement (CR: pg. 11-12), and did further enter an *Order Imposing Conditions of Community Supervision* (CR: pg. 13-17).

On May 29, 2014, the State of Texas (Appellee herein), filed a *Motion to Revoke Community Supervision* alleging that the Appellant had violated his community supervision on thirty-one (31) occasions, and the trial court issued a capias for the arrest of the Appellant (CR: 24-38).

On June 24, 2014, Appellant was arrested on the capias of the trial court (CR: pg. 39).

On June 26, 2014, the Honorable Sten Langsjoen, Attorney at Law, was appointed as trial counsel for the Appellant (CR: pg. 40).

On August 8, 2014 a hearing was held in the 369th Judicial District Court with the Honorable Bascom Bentley, III., presiding (CR: pg. 45-46; RR. Vol. II). At the conclusion of the hearing, the probation of the Appellant was revoked by the trial court and the Appellant was sentenced to ten (10) years in the Texas Department of Criminal Justice, Institutional Division (CR: pg. 45-46; RR. Vol II, pg. 126).

On August 26, 2014, Appellant filed his notice of appeal.  (CR: pg. 49).

## **STATEMENT OF POINTS OF ERROR**

No points of error were identified following review of the record, and this Brief is submitted in compliance with the tenants of *Andres v. California*, 386 U.S. 738 (1967) and *Gainous v. State of Texas*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

## **STATEMENT OF FACTS**

On August 8, 2014, a hearing was conducted to determine whether or not the Appellant had violated the terms and conditions of this community supervision.  At the conclusion of the hearing, the trial court did find that some but not all of the terms of community supervision had, in fact, been violated. The trial court revoked the community supervision of the Appellant and sentenced him to ten (10) years imprisonment (CR: pg. 45-46; RR. Vol II, pg. 126).

## BRIEF OF THE ARGUMENT

Following a review of the entire record, no error, that was more than harmless error, was found that could be presented for review to the appellate court, and therefore, appointed counsel seeks to withdraw here-from and has invited response hereto from the Appellant.

## ARGUMENT AND AUTHORITY

Waiver of Grand Jury & Indictment:

Appellant waived indictment on February 18, 2014 (CR: pg 4). Tex. Code Crim. Proc., Art 1.141. The waiver appears to be valid on its face and purports to bear the signature of the Appellant and his counsel at trial.

The information appears to be based upon a valid complaint and carries the signature of the affiant, Lois Garner and is sworn to before a Notary Public of the Texas of Texas whose notary commission appears to be valid (CR: pg. 5). Tex. Code Crim. Proc., Art 21.22. Further, the information appears to be valid upon its face. Tex. Code Crim. Proc., Art 21.21. The language of the information is consistent with the offense alleged in the Texas Penal Code. Tex. Penal Code, §22.01(b)2)(B).

No challenged was made to the form or the substance of the information leaving no matter to appeal.

Original Sentence of the Trial Court

The original sentence of ten (10) years is within the range of punishment for a third degree felony. Texas Penal Code, §12.34.

The suspension of sentence for this offense was within the discretion of the trial court and not otherwise prohibited by law.

The trial court followed the plea recommendation made by the Appellant and the Appellee.

Revocation Pre-Trial Motions

No pretrial motions were filed on behalf of Appellant. The record contains no rulings on any motions and the reporter's record does not reflect that any motions were presented to or ruled on by the Trial Court. Nothing, therefore, is preserved for review.

Hearing on Motion to Revoke Probation:

On August 8, 2014, a hearing was held concerning the Appellee's *Motion to Revoke Community Supervision*. At this hearing, Appellant was

represented by counsel who called witnesses in defense of the motion. However, at the conclusion, the trial court found that allegations 5-22 of the State's *Motion to Revoke Probation* were proven and that the Appellant had violated his community supervision. The trial court revoked the probation of the Appellant.

Judgment:

The review of the judgments in this cause (CR. Pg. 11-12; 45-46), reveals that both judgments appear to be facially valid. Tex. Code Crim. Proc., Art. 42.01.

Motion to Revoke Hearing:

Because the trial court found allegations 5 through 22 to have been proven by the State, this brief will only review the factual issues as presented by the State in the hearing on the motion to revoke relevant to those allegations.

The State of Texas relied upon the following witnesses:

(1)    Simone Silvers who testified to the following:

| Topic of Testimony | RR Vol II, Page | Line |
|---|---|---|
| She is the probation officer assigned to the Appellant (JC) | 4 | 14-17 |
| JC was placed on probation on Feb 18, 2014 | 4 | 23-25 |
| | 5 | 1 |
| She read the terms and condition of probation to JC on Feb 18, 2014 | 5 | 7-8 |
| She met with him one time on March 18, 2014 for a regular office visit | 4 | 18-20 |
| On March 18, 2014 JC was drug tested and acknowledged by written instrument that he had used various illegal drugs since being placed on probation (State's exhibit 1) | 6 | 1-18 |
| | 7 | 1-17 |
| | 18 | 8-15 |
| JC admitted to using illegal drugs on March 12, 2014 | 7 | 20-24 |
| JC did not report on April 14, 2014 | 8 | 6-11 |
| That although she had telephone contact with JC, he did report again (for April and May) | 9 | 6-18 |
| | 21 | 11-13 |
| During a telephone call in May 2014, JC admitted that he was selling drugs out of a hotel room. | 11 | 22-25 |
| JC did not complete an Anger Management Class | 15 | 1-9 |

The Appellant called himself to testify at the hearing and he testified to the following:

| Topic of Testimony | RR Vol II, Page | Line |
|---|---|---|
| The information contained in State's exhibit 1 concerning his admitted drug use was true. | 96 | 1-3 |
| The allegations concerning his sale of drugs | 96 | 8-25 |
| From Feb 2014 through May 14 were true | 97 | 1-6 |
| While on probation he was using and selling | 105 | 22-25 |
| drugs. | 106 | 1-5 |

Following presentation of evidence and argument of counsel, the court found the Appellant had violated allegations 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 (RR: Vol. 2, pg. 123, Ln. 10-15). A review of the evidence reflects that the State presented sufficient evidence on the allegations found to be true to support the Trial Court's findings. No error was found for review.

Punishment Phase:

The court offered both the Appellant and Appellee the opportunity to put on more evidence concerning punishment, but each declined (RR. Vol. 2, pg. 124, Ln. 14-19).

The sentence imposed was within the range available to the Trial Court and was supported by the evidence. There is no error available to the Court for review.

<u>Assistance of Counsel</u>:

Appellant was appointed counsel on May 16, 2013. CR, at p. 8.

At all times during the proceedings, Appellant had the benefit of counsel.

The *Motion to Revoke* appears valid on its face. No objections were lodged as to its contents. No error is preserved for review.

Appellant's counsel participated in all aspects of the hearing from opening and closing statements to bench conferences. The Reporter's Record is replete with instances of appellant's counsel conducting direct and cross examination of witnesses, objections (RR: Vol. 2). Appellant's counsel argued evidentiary motions and moved to direct the verdict with regard to certain allegations not proved when the state rested its case (RR., Vol. 2, pg. 38-41). Appellant's trial counsel participated in closing argument. (RR: Vol. 2, pg. 115-118).

Reviewing the record in its entirety, counsel provided "reasonably effective assistance" to Appellant (*Ex Parte Bratchett*, 513 S.W. 2d 851, 853 (Tex. Crim. App. 1974)), and there does not appear to be grounds for review for ineffective assistance of counsel.

Standard of Review:

Probation may be revoked upon a finding that an appellant has violated the terms of his or her probation. *Wilson v. State*, 934 (Tex.App.--Dallas 1983, no pet.).

Appellate review of a probation revocation proceeding is limited to a determination of whether the trial court abused its discretion. *Bennett v. State*, 282 (Tex.Crim.App.1972); Wilson, 645 S.W.2d at 934. To determine whether the trial court has abused its discretion, the court must look to whether the State has met its burden of proof. See *Cardona v. State*, 493-94 (Tex.Crim.App.1984).

The State meets its burden when the greater weight of the evidence before the court creates a reasonable belief that the probationer violated a condition of probation. *Jenkins v. State*, 437 (Tex.Crim.App.1983),

disapproved on other grounds by *Saxton v. State*, 912 n. 3 (Tex.Crim.App.1991). In other words, the State's burden of proof in a probation revocation hearing is by a preponderance of the evidence. *Cobb v. State,* 874 (Tex.Crim.App.1993).

In revocation proceedings, the trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given the testimony. *Taylor v. State*, 179 (Tex.Crim.App. [Panel Op.] 1980) *Ross v. State,* 403 (Tex.Crim.App.1975). It is the trial court's duty to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true or not. *Langford v. State,* 739 (Tex.Crim.App.1979). The Appellate Court must therefore view the evidence presented at the revocation proceeding in a light most favorable to the trial court's ruling. *Garrett v. State,* 174 (Tex.Crim.App. [Panel Op.] 1981).

<u>Summary</u>:

Following review and consideration of pre-trial and trial activities before the Trial Court, there are no points of reversible error found.

<u>Notice to Appellant</u>:

Counsel hereby notifies Appellant that this Brief requests that the appeal be found to be frivolous and be dismissed. Along with the Brief, a *Motion to Withdraw* has been filed requesting permission of the appellate court for Counsel to withdraw from this case that if granted, would leave Appellant representing himself as a *pro se* litigant.

Counsel further advises Appellant that Appellant has a right to prepare and file a *pro se* Brief, meaning that Appellant can prepare and file with the appellate court his own *pro se* Brief, under his own signature, pointing out to the appellate court any errors or problems he sees in the record or any reason why Appellant feels the appeal is not frivolous.

Counsel also advises Appellant of Appellant's right to review the record before filing a *pro se* Brief.

If Appellant desires to file a *pro se Brief* with the appellate court, then Appellant should immediately file a Motion for *Pro Se* Access to the Appellate Record with the appellate court.  In the cover letter used to send Appellant a copy of this Brief, a form Motion for *Pro Se* Access to the Appellate Record is

enclosed for this purpose. The form motion lacks only Appellant's signature and the date, and informs Appellant that, in order to preserve and pursue his right to review the appellate record, if Appellant chooses to invoke it, Appellant must sign and date the form motion and send it on to the court of appeals within ten days of the date of the letter used to send this information to Appellant.

Appellant is advised that if he presents a *pro Se* Brief or Motion for *Pro Se* Access to the Appellate Record to the appellate court [Twelfth Court of Appeals, 1517 West Front Street, Suite 354, Tyler, Texas 75702, Attention: Cathy Lusk, Clerk], then he must also 1) provide a copy of his Brief to Counsel [Sten Langsjoen, P.O. Box 539, Tyler, Texas 75710]; 2) provide a copy of his Brief to the State [Rachel Patton, P.O. Box 450, Rusk, Texas 75785]; and 3) include in his Brief a written statement ("Certificate of Service") that he sent copies of his Brief and/or Motion to Counsel and to the State.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel for Appellant, **JUSTIN CHRISTIAN**, respectfully requests and prays that this matter be considered by

the Court and that appointed counsel be allowed to withdraw here-from and that this appeal be dismissed following the Appellant's opportunity to respond hereto; and further, Counsel respectfully requests and prays for any and all other relief, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**ALLEN W. ROSS**
Attorney for Appellant
P.O. Box 528
Jacksonville, Texas 75766
Telephone:  (903) 683.2454
Telefax:  (866) 576.5317
Email: allen@arossatty.com
TBA # 00788324

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered by hand-delivery to the District Attorney, Cherokee County, Texas, and to the Appellant, on January 12, 2015.

**ALLEN W. ROSS**

## CERTIFICATE OF WORD COUNT

I, ALLEN W. ROSS, do hereby certify that the foregoing *Appellant's Brief for Justin Christian* does comply with the requirements for a brief preparation, to-wit:

FONT & Size:    SEGOE UI, 14 pt
COUNT:    2873 words

_____
ALLEN W. ROSS