RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

79,497-05,
06

Keith Taylor
M.S.U.
Rusk State Hospital
P.O. Box 318
Rusk, Tx 75785

Court of Criminal
Appeals, Clerk
~~Velva L. Price~~
~~Travis Co. District Clerk~~
~~P.O. Box 679003~~
~~Austin, Tx 78767~~

march 3rd, 2015

Cause No.
D-1-DC-11-300144-C
D-1-DC-12-904028-C

writ No.
WR-79,497-05
WR-79,497-06

Re: writ of Habeas corpus
Supplement:

Dear Clerk,

Please Find enclosed the Following (1) additional Ground Number #10, (1) Copy of Anders brief with Dr. Robert Lee, M.D. Sworn testimony, and (1) Copy of letter From State Counsel For offenders stated that defendants plea was Not transcribed by a Court reporter.

Please Forward said documents to The Court of Criminal Appeal at your earliest date, Thank you in advance For your assistance.

Sincerely,

Keith Taylor

Keith Taylor

CC: File                3-3-15

ON march 3, 2015
I mailed (u.s. postal)
the same documents
to the Travis County
District Clerk, For
Filing

Keith Tay

**GROUND:** 10

Guilty plea was involuntary because counsel was ineffective for not requesting Competency Inquiry

**FACTS SUPPORTING GROUND:**

Trial counsel had defendant evaluated for competency, by Dr. Richard Coons and his report was issued (9-13-2011) and stated that the defendant was presently competent to stand trial. He also stated that the defendant's medications was necessary for him to maintain his competency. Counsel done no investigation into his defendants mental health history. If he would have at least check the jail medical records he would have found out that the jail had stop given the defendant his Anti-psychotic medications

14

For more than a few months. Since (10-27-2014) the defendant has been placed at the Rusk State psychiatric Hospital and Dr. Robert Lee, M.D. recieved a court order to get the defendant on medications that would help him restore competency, attached you will find a Anders brief that was file on mr. Taylor's behalf and contain sworn testimony from his treating Doctor Also you will find a letter from state counsel for offender stated there was no transcripts recorded of said hearing. their Fore it makes it harder to show that not only counsel but the trial court was aware of his competency issues.

**GROUND:** 10

Guilty plea was involuntary because counsel was ineffective for not requesting Competency Inquiry

**FACTS SUPPORTING GROUND:**

Trial Counsel had defendant evaluated for Competency, by Dr. Richard Coons and his report was issued (9-13-2011) and stated that the defendant was presently competent to stand Trial. He also stated that the defendants medications was necessary for him to maintain his Competency. Counsel done no investigation into his defendants mental health history. If he would have at least check the jail medical records he would have found out that the jail had stop given the defendant his Anti-psychotic medications

For more than a few months. Since (10-27-2014) the defendant has been placed at the Rusk State psychiatric Hospital and Dr. Robert Lee, M.D. recieved a court order to get the defendant on medications that would help him restore competency, attached you will find a Anders brief that was file on mr. Taylor's behalf and contain sworn testimony from his treating Doctor. Also you will find a letter from State Counsel for Offender stated there was no transcripts recorded of said hearing. their Fore it makes it harder to show that not only counsel but the trial Court was aware of his competency issues.

CAUSE NO. 12-15-00016-CV



IN THE
COURT OF APPEALS
FOR THE
TWELFTH DISTRICT OF TEXAS
AT TYLER

---

THE STATE OF TEXAS
FOR THE BEST INTEREST AND PROTECTION
OF
K.T.

---

On Appeal from Civil Cause No. 41,309
in the County Court At Law Of
Cherokee County, Texas

---

Brief for Appellant

---

**ORAL ARGUMENT NOT REQUESTED**

MOAK & KESLER, PLLC
318 Neches Street
Jacksonville, Texas 75766
( 903) 589-7800
(fax) 589-7833

BY: _____
Michael R. Kesler
SBN 24049074
Attorney for Appellant,
Court Appointed

# CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Justices of this Honorable Court may evaluate possible disqualification or recusal.

Keith Taylor ................................................. Appellant/Patient

Michael Kesler ................................... Court Appointed Trial Counsel

Michael R. Kesler .............................. Court Appointed Appellate Counsel

Dana Young ................................ Trial Counsel for The State of Texas

Trevor Rose ............................... Appellate Counsel for The State of Texas

Respectfully submitted

Michael R. Kesler
SBN 24049074
Attorney for Appellant,
Court Appointed

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES ............................................... i

TABLE OF CONTENTS ................................................................ ii

TABLE OF AUTHORITIES ............................................................ iii

OPINIONS BELOW ................................................................... 2

JURISDICTION ...................................................................... 2

STATEMENT ON POINTS OF ERROR .................................................. 2

STATEMENT OF THE CASE

      I.     NATURE OF THE PROCEEDING ........................................... 2

      II.    SUMMARY OF THE FACTS ................................................. 3

SUMMARY OF THE ARGUMENT ...................................................... 5

ARGUMENT AND AUTHORITY ........................................................ 5

PRAYER FOR RELIEF ............................................................... 10

CERTIFICATE OF SERVICE ......................................................... 11

# TABLE OF AUTHORITIES

CASES:

    United States Supreme Court

        *Anders v. California,* 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        *Sell v. United States,* 539 U.S. 166, 178, 123 S.Ct. 2174,
                156 L.Ed. 2d 197 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,7, 9

    United States Appellate Court

        *United States v. Algere,* 396 F.Supp. 2d 734, 741 (E.D. La 2005) . . . . . . . . . . . . . . . . 6

        *U.S. v. Leveck-Amirmokri,* 2005 U.S Dist. Lexis 7610 *11 (W.D. Tex. Mar. 10, 2005) 6

    Texas Supreme Court

        *Garza v. Alviar,* 395 SW2d 821 (Tex. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        *Holt Atherton Industries, Inc. v. Heine,* 835 SW2d 80 (Tex. 1992) . . . . . . . . . . . . . . . . 8

    Texas Appellate Court

        *In Re Breeden,* 4 SW3d 782, 785 (Tex. App. -San Antonio 1999, *no writ*) . . . . . . . . . . 8

        *State of Texas for the Best Interest and Protection of C.O.,*
                65 SW3d 175 (Tex. App. - Tyler 2001, *no writ*) . . . . . . . . . . . . . . . . . 8

        *State ex rel. F.B.* 2007 Tex. App. Lexis 6058, *7 (Tex. App.–Tyler 2007) . . . . . . . . 7, 9

        *Johnstone v. State,* 961 SW2d 385 (Tex. App. - Houston [1ˢᵗ District] 1997,
                *no writ*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


UNITED STATES CONSTITUTIONAL PROVISIONS:

    *Amendment 5* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


TEXAS STATUTES:

    *Texas Health & Safety Code Art.*      *574.070* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    *Texas Health & Safety Code Art.*      *574.104* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    *Texas Health & Safety Code Art.*      *574.106* . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 9

    Chapter 46B, Texas Code of Criminal Procedure . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9

CAUSE NO. 12-15-00016-CV

IN THE
COURT OF APPEALS
FOR THE
TWELFTH DISTRICT OF TEXAS
AT TYLER

---

THE STATE OF TEXAS
FOR THE BEST INTEREST AND PROTECTION
OF
K. T.

---

On Appeal from Civil Cause No. 41,309
in the County Court At Law Of
Cherokee County, Texas

---

Brief for Appellant

---

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES Keith Taylor, Appellant in the above-styled and numbered cause and Respondent in the Trial Court, and, by and through appointed Counsel, files this his Brief of Appellant and respectfully reports to the Court of Appeals that no errors were found to have been committed by the Trial Court relating to the rulings during trial in Cause Number 41,309 in the County Court at Law of Cherokee County, Texas, before the Honorable Judge Janice Stone, Judge Presiding.

1

## OPINIONS BELOW

The Judgment of the Court for an Order to Administer Psychoactive Medication-Forensic is set forth in the Clerk's Record (Cl. R. 4).

## JURISDICTION

Appellant jurisdiction for this cause is properly before this Court pursuant to Texas Health Safety Code Art. 574.106.

## STATEMENT OF POINTS OF ERROR

No points of error were found following review of the record and this brief is submitted in compliance with *Anders v. California*, 386 U.S. 738 (1967).

## I.

## NATURE OF THE PROCEEDING

This cause originated in the County Court at Law of Cherokee County, Texas. The patient was brought to Rusk State Hospital in Rusk, Cherokee County, Texas under an order brought under Chapter 46B of the Texas Code of Criminal Procedure, dated October 27, 2014. (Cl.R. at 4); (R.R. at 4). On or about January 9, 2015, an Application for Order to Administer Psychoactive Medication-Forensic was filed by Robert Lee, M.D. (Cl.R. at 4). On January 13, 2015, a bench trial was initiated wherein the Court granted the Application (Cl. R. at 11); (R.R. at 14). Notice of Appeal was timely filed on or about January 20, 2015 (Cl. R. at 16). The Court Clerk's Record (Cl. R.) and the Court Reporter's Record (R.R.) were timely filed of record. Because of the nature of the case, the appeal has been accelerated pursuant to Texas Health & Safety Code art. 574.070.

2

Dr. Robert Lee, is a expert in mental illness

Dr. Lee testimony on what happens when defendant is not on medications.
P. 3-4

## II.

## SUMMARY OF THE FACTS

Appellant is an adult male who, at the time of the filing of this appeal was a patient at the Texas Mental Health & Mental Retardation Facility in Rusk, Texas, also known as Rusk State Hospital (RSH), pursuant to an order dated October 27, 2014, under Chapter 46B of the Texas Code of Criminal Procedure. (Cl. R. at 4).

On January 13, 2015, a hearing on the Application for Order to Administer Psychoactive Medication-Forensic was held. (R. R. Vol. 1 of 1).

The State called one witness, Dr. Robert Lee. (R. R. at 4). Dr. Lee testified that Appellant verbally refused medication, that Appellant lacked the capacity to make a decision regarding medication, that Appellant refused to speak to the doctor on most occasions with regard to his mental illness and/or treatment. (R. R. at 6-7). Dr. Lee also testified that Appellant was placed on a unit of the hospital reserved for individuals who are deemed to be dangerous after a review by the "Dangerous Review Board. (R. R. at 6-7). Dr. Lee then testified that Exhibit A, which is attached to the Application sets forth the classifications of medication which he wished to use on Appellant. (R.R. at 7). Dr. Lee also testified that the benefits of the medications outweighed the risks associated with them. (R.R. at 5).

Next, Dr. Lee testified that he was aware that Appellant was at RSH under an order for court-ordered mental health services pursuant to Article 46B of the Texas Code of Criminal Procedure due to "[c]harges related to robbery." (R.R. at 5-6). Dr. Lee testified that it was likely that Appellant's competency would be restored faster if he took the medications than without the use of the medications. (R.R. at 7). Dr. Lee further testified that he believed the medications

3

would provide the least intrusive means for restoration of Appellant's competency and that Appellant's competency would likely not be restored without the use of medications. (R.R. at 7-8).

On cross-examination, Dr. Lee testified that Appellant had sporadically taken some medications and refused others. (R.R. at 9). Dr. Lee also testified that Appellant refused changes in dosages, refused to attend treatment team and often refused to allow the Med Clinic physicians to examine him for fear that they were reading his mind. (R. R. at 9-10). The Dr. also testified that Appellant had previously told the Dr. that he was depressed and would kill himself "one of these days" if he was not treated, but that Appellant would also refuse to take an antidepressant. (R.R. at 9).

Appellant was then called to testify. (R. R. at 10). Appellant testified that he agreed with the Dr. That he needed to take medications, but Appellant maintained that he was "90 percent compliant with [his] medications." (R. R. 11). Appellant also testified that he had previously requested increases of certain medications from the Dr. (R. R. At 11-12).

Dr. Lee was recalled by the State and asked about Appellant's claims. (R. R. at 13). Dr. Lee testified that Appellant had actually refused a request to increase the medication which Appellant testified that he asked to be increased the previous week. (R. R. at 13). Dr. Lee also testified that Appellant had to be placed on one to one observation because of "unpredictable behavior" and that Appellant had also attacked another patient the previous week. (R. R. at 13-14)

The trial court ultimately granted the Application for Administration of Psychoactive Medications. (R. R. at 14). In addition to the Court's finding that Appellant lacked the capacity to make a decision regarding administering of medication and that said medication was in

4

Appellant's best interest, the Court found that Appellant presented a danger to himself or others in the in the facility. (Cl. R. at 11).

## SUMMARY OF THE ARGUMENT

Following a review of the trial proceedings and judgment, no error, that was more than harmless error, was found that could be presented for review to the appellate court, and therefore, appointed counsel seeks to withdraw herefrom and has invited response hereto from the Appellant.

## ARGUMENT AND AUTHORITY

### Application

An Application for Order for Order to Administer Psychoactive Medication-Forensic was filed by Dr. Robert Lee M.D. Said application appears to signed by Dr. Lee and to be in the proper form and meet all requirements of such an application pursuant to Texas Health and Safety Code §574.104. (Cl. R. at 4).

### Standard of Review

The Federal Government may not deprive any person of liberty without due process of law. U. S. Const., Amdt. 5. An individual has a constitutionally protected liberty interest in avoiding the unwanted administration of antipsychotic drugs. *Sell v. United States*, 539 U.S. 166, 178, 123 S.Ct. 2174, 156 L.Ed. 2d 197 (2003). However, the Government may administer antipsychotic drugs to a non-consenting defendant who is mentally ill and facing serious criminal charges in order to render that defendant competent to stand trial where the following circumstances exist: (1) there are important governmental interests at stake; (2) the involuntary medication will significantly further those concomitant state interests; (3) the involuntary medication is necessary to further those interests; and (4) the administration of the antipsychotic drugs are medically appropriate. *Sell*, 539

5

U. S. at 179-82.

The first prong of the *Sell* standard requires that there be an important governmental interest at stake. *Id.* The Government generally has an important interest in bringing to trial an individual accused of a serious crime. *Id.* at 180. The United States Supreme Court has generally defined a serious offense as being any offense for which a defendant may be sentenced to more than six months imprisonment. *U.S. v. Leveck-Amirmokri*, 2005 U.S Dist. Lexis 7610 *11 (W.D. Tex. Mar. 10, 2005).

To satisfy the second prong of the *Sell* standard, the court must find that the involuntary medication will significantly further those interests. *Sell*, 539 U.S. at 181. It must find that the administration of the drugs is substantially likely to render the defendant competent to stand trial and that the drugs are highly unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel. *Id.* In *United States v. Algere*, the court held that to satisfy this element, the government must set forth the particular medication, including the dose range, it proposes to administer to the defendant to restore his competency due to the evaluation of potential side effects required by *Sell*. 396 F.Supp. 2d 734, 741 (E.D. La 2005).

Thirdly, the court must find that the involuntary medication is necessary to further those interests. *Sell*, 539 U.S. at 181. To make this determination, the court must determine that any alternative, less intrusive treatments are unlikely to achieve substantially the same result. *Id.*

Finally, the court must find the administration of the drugs to be "medically appropriate." This means that the administration of the drugs is in the patient's best medical interest in light of the patient's medical condition. *Id.*

Section 574.106 of the Texas Health and Safety Code states:

6

(a) the court may issue an order authorizing the administration of one or more classes of psychoactive medication to a patient who:

(1) is under a court order to receive inpatient mental health services; or

(2) is in custody awaiting trial in a criminal proceeding and was ordered to receive inpatient mental health services in the six months preceding a hearing under this section.

(a-1) The court may issue an order under this section only if the court finds by clear and convincing evidence after the hearing:

(1) that the patient lacks the capacity to make a decision regarding the administration of the proposed medication and treatment with the proposed medication is in the best interest of the patient; or

(2) if the patient was ordered to receive inpatient mental health services by a criminal court with jurisdiction over the patient, that:

(A) the patient presents a danger to the patient or others in the inpatient mental health facility in which the patient is being treated as a result of a mental disorder or mental defect as determined under section 574.1065; and

(B) treatment with the proposed medication is in the best interest of the patient.

It is not necessary for a court to consider whether to allow forced medication to render a defendant competent to stand trial if the medication is warranted for a purpose such as rendering the defendant non-dangerous to himself or others or where the defendant's refusal of drugs puts his health at risk. *State ex rel. F.B.* 2007 Tex. App. Lexis 6058, *7 (Tex. App.–Tyler 2007). Where no evidence of such other purpose is presented, the court must apply the *Sell* standard. *Id.* at *8.

7

Additionally, in reviewing a legal sufficiency or no evidence complaint, the appellate court must consider only the evidence and inferences that tend to support the challenged findings and disregard all evidence and inferences to the contrary. *Holt Atherton Industries, Inc. v. Heine*, 835 SW2d 80, 84 (Tex. 1992); *The State of Texas For the Best Interest and Protection of C.O.*, 65 SW3d 175, 178 (Tex. App. - Tyler, 2001 *no writ*). If there is more than a scintilla of evidence to support the findings, the no evidence challenge fails. *Id.* However, in the context of the State's heightened burden of proof in a temporary commitment case, a no evidence challenge will be sustained if the evidence is insufficient to produce in the mind of the fact-finder a firm belief or conviction as to the truth of the facts. *Id; In Re Breeden*, 4 SW3d 782, 785 (Tex. App. -San Antonio 1999, *no writ*); *Johnstone v. State*, 961 SW2d 385, 388 (Tex. App. - Houston [1st Dist.] 1997, *no writ*).

In reviewing the factual sufficiency of the evidence, the appellate court must consider all the evidence and will set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and manifestly unjust. *Garza v. Alviar*, 395 SW2d 821, 823 (Tex. 1965); *The State of Texas For the Best Interest and Protection of C.O.*, 65 SW3d 175 (Tex. App. - Tyler, 2001 *no writ*). Without findings of fact and conclusions of law, the reviewing court must presume that the trial court resolved all questions of fact in support of the judgment. *Holt Atherton Industries v. Heine*, 835 SW2d *supra* at 83.

Bench Trial

A bench trial on the Application For Order to Administer Psychoactive Medication-Forensic was held on January 13, 2015. (R. R. Vol. 1 of 1) The State relied on the Application and testimony of Dr. Lee to present its case. (R. R. at 4-10, 13-14). Following presentation of evidence and arguments of counsel, the trial court found that Appellant lacked the capacity to make a decision

8

regarding the administration of medication; that Appellant presented a danger to himself or others in the in-patient mental health facility; and that treatment with the proposed medication was in the best interest of the Appellant. (R. R. at 14; Cl. R. at 11).

A review of the evidence reflects that the State presented sufficient evidence to support the findings of the trial court. While the State presented evidence on each prong of the standard established in *Sell*, it is arguable that the State failed to establish an important governmental interest since the only testimony on this item is that Appellant was at RSH under an order for court-ordered mental health services pursuant to Article 46B of the Texas Code of Criminal Procedure due to "[c]harges related to robbery." (R.R. at 5-6). It is unclear exactly what charge Appellant was facing. Therefore, the testimony arguably did not clearly establish an important government interest.

Nevertheless, based on the findings of the trial court, the trial court was not obligated to apply the standard established in *Sell* due to the trial court's finding that Appellant presented a danger to himself or others. See *Sell v. United States*, 539 U.S. 166, 178, 123 S.Ct. 2174, 156 L.Ed. 2d 197 (2003); and also, *State ex rel. F.B.* 2007 Tex. App. Lexis 6058, *7 (Tex. App.–Tyler 2007).

The trial court was within its discretion to enter the Order Authorizing Psychoactive Medication pursuant to Texas Health and Safety Code § 574.106 based on the testimony from Dr. Lee indicating the following: that Appellant was in custody awaiting trial in a criminal proceeding and was ordered to receive inpatient mental health services under Article 46B of the Texas Code of Criminal Procedure; that Appellant presented a danger to himself or others in the facility based on the testimony that Appellant was placed on MSU due to being deemed dangerous by the

9

"dangerous review board" and the testimony that Appellant had attacked another patient at the facility within the week; and that treatment with the proposed medication was in the best interest of Appellant. (R. R. at 6, 13) More than a scintilla of evidence was presented on each of these elements and the findings of the court were not so against the great weight of the evidence as to be manifestly unjust.

Assistance of Counsel

Appellant was appointed counsel on January 9, 2015, which was the same date as the Application for Order to Administer Psychoactive Medication-Forensic was filed. Appellant's counsel attended and participated in the bench trial, cross examined the State's witness and examined Appellant. Reviewing the record in its entirety, counsel provided "reasonably effective assistance" to Appellant (*Ex Parte* Bratchett, 513 S.W. 2d 851, 853 (Tex. Crim. App. 1974)), and there does not appear to be grounds for review for ineffective assistance of counsel.

Summary:

Following review and consideration of trial activities before the Trial Court, there are no points of reversible error found.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Counsel for Appellant, Keith Taylor, respectfully requests and prays that this matter be considered by the Court and that appointed counsel be allowed to withdraw here form and that this appeal be dismissed following the Appellant's opportunity to respond hereto; and further, Counsel respectfully requests and prays for any and all other relief, at law or in equity, to which he may show himself justly entitled.

10

Respectfully submitted,

Moak & Kesler, PLLC

By: _____
Michael Kesler
State Bar No. 24049074
318 Neches Street
Jacksonville, Texas 75766
Tel: (903) 589-7800
Fax: (903) 589-7833

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on the County Attorney for Cherokee County, Texas in accordance with the applicable Rules of Civil Procedure on this the 19 day of February, 2015.

_____
Michael R. Kesler

11



NO: _41,309_

THE STATE OF TEXAS
FOR THE BEST INTEREST
AND PROTECTION OF
_____K. T._____
(Initials Only)

IN THE PROBATE COURT
_____COUNTY, TEXAS

# APPLICATION FOR ORDER TO ADMINISTER PSYCHOACTIVE MEDICATION – FORENSIC

_Robert Lee_____,M.D./D.O. ("Applicant"), files this Application, pursuant to Texas Health & Safety Code §574.104, seeking an order to authorize the administration of psychoactive medication to _Keith Taylor_____ ("Patient") and respectfully shows that:

### I.

Patient is subject to an order, date _October 27_ , 20_14_, for court-ordered in-patient mental health services issued under (select one):

☑ Chapter 46B (Incompetency to Stand Trial) Code of Criminal Procedure

☐ Chapter 46C (Not Guilty by Reason of Insanity) Code of Criminal Procedure

☐ Chapter 55, Family Code

### II.

Applicant has diagnosed the Patient with the following condition(s):
_____ _Psychosis, not otherwise specified_

### III.

A list of medications within each class, as determined by the Texas Department of State Health Services, is attached hereto as Exhibit "A". Each medication the Applicant wants the court to compel the Patient to take is designated by an "X". The proposed method for administering the medication is:

☑ Oral     ☑ Intramuscular     ☑ Subcutaneously     ☑ Transdermal

### IV.

☑ This is the customary method for administering the medication(s).
☐ This is **not** the customary method for administering the medication(s). The reason for using non-customary methods is _____

4

## V.

The Patient (select one):

☑ verbally, or

☐ by other indication, refuses to take the medication voluntarily.

## VI.

Applicant believes Patient lacks the capacity to make a decision regarding administration of psychoactive medication for the following reasons:

Paranoid delusions about his medication and medical staff

Poor insight / poor judgement

## VII.

The applying physician has determined that the medication is the proper course of treatment for the Patient.

## VIII.

Applicant believes that if Patient is treated with the class(es) of psychoactive medication specified in Paragraph III above, Patient's prognosis is:

Fair

## IX.

Applicant believes that if Patient is not administered the class(es) of psychoactive medication specified in Paragraph III above, the consequences will be:

Mental deterioration

## X.

Applicant has considered medical alternative(s) to psychoactive medication to treatment of Patient and has determined that the medical alternatives will not be as effective as administration of psychoactive medication.

## XI.

Applicant believes that the benefits of the psychoactive medication outweigh the risks of such medication in relation to present medical treatment and best interest of the Patient.

## XII.

Applicant has considered less intrusive treatments likely to secure Patient's agreement to take the psychoactive medication.

## XIII.

Alternatively, Applicant requests that should the court find that the Patient has the capacity to make a decision regarding administration of psychoactive medication that Applicant believes that Patient, unless medicated, presents a danger to self or others in the mental health facility in which patient is being treated, as set forth Texas Health & Safety Code §574.1065, and treatment with the proposed medication is in the best interest of Patient.

WHEREFORE, Applicant request that the Court:

1. Appoint an Attorney to represent Patient;

2. Set a hearing on this Application to be held not later than the seventh day after the date this Application is filed;

3. Direct the Court Coordinator of the _____ Rusk _____ State Hospital, or her designee, to deliver a Notice of Hearing and copy of this Application to Patient immediately after the time of the hearing is set;

4. Upon hearing, enter an order, pursuant to Texas Health & Safety Code §574.106, authorizing the Texas Department of State Health Services to administer the class(es) of psychoactive medication specified in Paragraph III of the Application to Patient, regardless of Patient's refusal.

DATE: January 8, 20 15.

_____
SIGNATURE OF PETITIONER

Sworn to and subscribed before me this _8_ day of January 20 15.

_____
Notary Public, State of Texas

BRENDA G. COPLEY
Notary Public, State of Texas
My Commission Expires
December 16, 2018

6

## Classes of Medications Frequently Used for Psychiatric Indications

Consent is required for any medication that is used in the treatment of a psychiatric diagnosis or symptom, whether or not the medication is included in this list. Refer to physician order for determination of indication for use.

The classification of psychotropic medication is fairly standard but medications can be used for treatment of illnesses that would be considered listed under a different classification. For example, some medications listed under antipsychotics maybe used as a mood stabilizer.

The Executive Formulary Committee does not endorse the use of nonformulary drugs

| | Antidepressants | | | Anxiolytics/Sedatives/Hypnotics |
|---|---|---|---|---|
| ☐ | amitriptyline (Elavil) | ☐ | | alprazolam (Xanax, Xanax XR) |
| ☐ | amoxapine (Asendin) | ☐ | | buspirone (BuSpar) |
| ☐ | bupropion (Wellbutrin, Wellbutrin SR) | ☐ | | chloral hydrate (Noctec) |
| ☐ | bupropion (Wellbutrin XL) | ☐ | | chlordiazepoxide (Librium) |
| ☐ | citalopram (Celexa) | ☐ | | clonazepam (Klonopin) |
| ☐ | desipramine (Norpramin) | ☐ | | clorazepate (Tranxene) |
| ☐ | desvenlafaxine (Pristiq) *nonformulary* | ☐ | | diazepam (Valium) |
| ☐ | doxepin (Sinequan) | ☐ | | diphenhydramine (Benadryl) |
| ☐ | duloxetine (Cymbalta) | ☐ | | eszopiclone (Lunesta) *nonformulary* |
| ☐ | escitalopram (Lexapro) | ☐ | | flurazepam (Dalmane) *nonformulary* |
| ☐ | fluoxetine (Prozac) | ☐ | | hydroxyzine (Atarax, Vistaril) |
| ☐ | imipramine (Tofranil) | ☐ | | lorazepam (Ativan) |
| ☐ | maprotiline (Ludiomil) | ☐ | | oxazepam (Serax) |
| ☐ | mirtazapine (Remeron, Remeron SolTab) | ☐ | | pentobarbital (Nembutal) *nonformulary* |
| ☐ | nefazodone (Serzone) *nonformulary* | ☐ | | ramelteon (Rozerem) *nonformulary* |
| ☐ | nortriptyline (Pamelor, Aventyl) | ☐ | | temazepam (Restoril) |
| ☐ | paroxetine (Paxil, Paxil CR) | ☐ | | triazolam (Halcion) |
| ☐ | protriptyline (Vivactil) | ☐ | | zaleplon (Sonata) |
| ☐ | sertraline (Zoloft) | ☐ | | zolpidem (Ambien) |
| ☐ | trazodone (Desyrel) | | | |
| ☐ | trimipramine (Surmontil) | | | Mood Stabilizers |
| ☐ | venlafaxine (Effexor, Effexor XR) | ☐ | | carbamazepine (Tegretol, Tegretol XR, Carbatrol, Equetro) |
| ☐ | | ☐ | | divalproex sodium (Depakote, Depakote ER) |
| | Antipsychotics | ☐ | | lithium (Eskalith, Eskalith CR, Lithobid) |
| ☐ | aripiprazole (Abilify) | ☐ | | valproic acid (Depakene) |
| ☐ | asenapine (Saphris) | ☐ | | oxcarbazepine (Trileptal) |
| ☐ | chlorpromazine (Thorazine) | ☐ | | lamotrigine (Lamictal) |
| ☐ | clozapine (Clozaril, Fazaclo) Reserve | | | |
| ☐ | droperidol (Inapsine) *nonformulary* | | | Stimulants |
| ☐ | fluphenazine (Prolixin) | ☐ | | amphetamine/dextroamphetamine mixture (Adderall, Adderall XR) |
| ☐ | fluphenazine decanoate (Prolixin D) | ☐ | | dexmethylphenidate (Focalin) *nonformulary* |
| ☐ | haloperidol (Haldol) | ☐ | | dextroamphetamine (Dexedrine) |
| ☐ | haloperidol decanoate (Haldol D) | ☐ | | lisdexamfetamine (Vyvanse) *nonformulary* |
| ☐ | iloperidone (Fanapt) Reserve | ☐ | | methamphetamine (Desoxyn) *nonformulary* |
| ☐ | loxapine (Loxitane) | ☐ | | methylphenidate (Ritalin, Ritalin SR, Concerta, Metadate, Metadate CD) |
| ☐ | lurasidone (Latuda) | ☐ | | methylphenidate patch (Daytrana) *nonformulary* |
| ☐ | olanzapine (Zyprexa, Zyprexa Zydis) | | | |
| ☐ | olanzapine pamoate (Zyprexa Relprevv) Reserve | | | Chemical Dependency Adjuncts |
| ☐ | paliperidone (Invega) | ☐ | | acamprosate (Campral) *nonformulary* |
| ☐ | paliperidone palmitate (Invega Sustenna) | ☐ | | disulfiram (Antabuse) |
| ☐ | perphenazine (Trilafon) | ☐ | | naltrexone (ReVia, Vivitrol) |
| ☐ | pimozide (Orap) *nonformulary* | ☐ | | topiramate (Topamax) |
| ☐ | quetiapine (Seroquel) | | | |
| ☐ | quetiapine (Seroquel XR) *nonformulary* | | | ous Drugs |
| ☐ | risperidone (Risperdal, Risperdal M-Tab) | ☐ | | atomoxetine (Strattera) |
| ☐ | risperidone (Risperdal Consta) | ☐ | | atenolol (Tenormin) |
| ☐ | thioridazine (Mellaril) | ☐ | | clomipramine (Anafranil) |
| ☐ | thiothixene (Navane) | ☐ | | clonidine (Catapres) |
| ☐ | trifluoperazine (Stelazine) | ☐ | | clonidine ER (Kapvay) *nonformulary* |
| ☐ | ziprasidone (Geodon) | ☐ | | fluvoxamine (Luvox) |
| | | ☐ | | gabapentin (Neurontin) |
| ☐ | Monoamine Oxidase Inhibitors | ☐ | | guanfacine (Tenex) |
| ☐ | isocarboxazid (Marplan) | ☐ | | guanfacine ER (Intuniv) *nonformulary* |
| ☐ | phenelzine (Nardil) | ☐ | | metoprolol (Lopressor) |
| ☐ | selegiline (Emsam) *nonformulary* | ☐ | | nadolol (Corgard) |
| ☐ | tranylcypromine (Parnate) | ☐ | | propranolol (Inderal) |
| ☐ | tranylcypromine (Parnate) | ☐ | | reserpine (Serpasil) *nonformulary* |
| | | ☐ | | naltrexone (ReVia) |
| ☐ | Other | ☐ | | olanzapine/fluoxetine (Symbyax) *nonformulary* |
| | This category must be approved prior to inclusion in this instrument | ☐ | | pindolol (Visken) *nonformulary* |

Revised 01/12

7



# State Counsel for Offenders

### A Division of Texas Department of Criminal Justice

P.O. Box 4005
Huntsville, TX 77342-4005
(936) 437-5203

August 28, 2013

Mr. Keith Taylor, TDCJ #01784688
Jester IV Unit
4 Jester Road
Richmond, TX 77406

## CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION

Re: Status Update

Mr. Taylor:

I hope this letter finds you doing much better than the last time we spoke on the telephone. I am writing to update you on my review of your claims. I reached out to the Clerk of the Court that convicted you to determine whether your plea hearing was transcribed by a court reporter. Unfortunately, the hearing was not transcribed. I was hoping there would be evidence from that day on the record showing the court and your attorney should have been aware that your competency was questionable that day. The Clerk did fax over the plea papers and the admonishments the court gave you at the hearing.

My next step in this process is to request permission from the director of our agency to pursue your claims for relief. Our resources are very limited, and we almost always refrain from raising ineffective assistance of counsel claims because our office cannot devote the necessary time, money, and resources to meeting the very high burden for success in those types of cases. I hope to conference with our director within the next two weeks, depending on his availability. After that, I will be able to finally tell you whether I can move forward on your behalf.

If you have additional questions or concerns, please feel free to contact me by writing to the address listed above. Please continue to keep SCFO informed if your address changes so we can keep you up to date.

Sincerely,

Jennifer J. Furrow
Appellate Attorney